David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
BIRKA-WHITE LAW OFFICES
Steven T. Knuppel (State Bar No. 164710)
LAW OFFICES OF STEVEN T. KNUPPEL
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile:  (925) 362-9970

John D. Green (State Bar No. 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

[Additional Counsel Listed on Signature Page]

Attorneys for Individual and Representative
Plaintiff RICHARD ZICCARELLO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| RICHARD ZICCARELLO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANYO ENERGY (U.S.A.) CORPORATION; SANYO NORTH AMERICA CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 1 -    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

1

# TABLE OF CONTENTS

2

3

4

I.      INTRODUCTION ............................................................................................ 3

II.     PARTIES AND VENUE ................................................................................ 4

III.    FACTUAL ALLEGATIONS.......................................................................... 8

        A.  The Latent Defect in the Solar Panels and Its Effects ....................... 8

        B.  The Benefit of the Bargain When Purchasing SANYO Panels ................ 9

        C.  The Delamination Defect.................................................................... 11

        D.  Safety Risk and Fire Hazard ............................................................. 13

        E.  Arc Fault Failure ............................................................................... 14

        F.  Failure to Adequately Test before Sale............................................. 14

        G   SANYO Duty to Inspect SANYO Solar Systems and Refusal to Do So ................... 15

        H.  SANYO's Knowledge and Suppression of the Defect in the Solar Panels ...........   18

        I.  Additional Provisions of the SANYO Warranty …………………………........... 19

IV.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS.......................................... 22

        A.  Ziccarello Facts................................................................................. 22

        B.  Facts Common to All Plaintiffs ........................................................ 29

V.      CLASS ALLEGATIONS ............................................................................. 29

VI.     DAMAGE .................................................................................................... 33

VII.    ESTOPPEL TO ASSERT STATUTE OF LIMITATIONS ........................... 34

FIRST THROUGH FIFTH CLAIMS FOR RELIEF…………………....…..……..……..35 - 45

PRAYER FOR RELIEF ………………………………………………………………..45

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff RICHARD ZICCARELLO ("Plaintiff" or "Ziccarello"), on behalf of himself and all others similarly situated, allege as follows:

## I.   INTRODUCTION

1.      This case arises out of the manufacture and sale of photovoltaic modules ("SANYO Panels" or "Solar Panels") manufactured and marketed by Defendant SANYO Energy (U.S.A.) Corporation ("Defendant" or "SANYO") from approximately 2001 to 2010.  This lawsuit applies at a minimum to all solar photovoltaic panel models within and similar to the HIP-xxxBA3 series, including but not limited to model numbers HIP-180BA3, HIP-186BA3, HIP-190BA3, HIP-195BA3, and HIP-200BA3 ("BA3 Series Panels"), and additional similarly designed and manufactured models within other series, possibly including but not limited to the HIP-xxxDA3 and HIP-xxxBA19 series (collectively, "SANYO Panels").

2.      A defect in the SANYO Panels, known as delamination, causes the SANYO Panels to progressively lose power output and to fail.  This delamination defect and power output degradation causes serious and undisputed safety risks, including the risk of fire.  The imminent safety risks associated with solar panel delamination including the objective risk of electrocution and fire hazard are well understood by experts in the solar industry and fully understood by SANYO and PANASONIC.  The SANYO Panels cannot be repaired.  The SANYO Panels must be removed and replaced.

3.      SANYO has long been aware of the delamination defects alleged herein and has not only failed to disclose the defect to the owners of the SANYO Panels but also has actively withheld knowledge about the delamination defect and safety risks.

4.      Once aware of the defect and safety hazards SANYO and PANASONIC developed and implemented a claims suppression strategy to depress and deny warranty claims and extract value belonging to Plaintiffs and the Class.

5.      This has been accomplished in part by consciously refusing to inspect the failing SANYO Panels notwithstanding the express warranty promise that "Upon receipt of a claim, Sanyo or its designated representatives *shall* conduct measurements to determine the actual power of the Product(s)."

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

6.     Not only did Defendants refuse to perform the power output measurements which the express warranty stated "shall be the sole determination for purposes of warranty settlement" (Sanyo Express Warranty) SANYO then unfairly and inaccurately represented that it was the *owner's* responsibility to "perform the output measurements."  Defendants' illegal practices deceived owners into believing that they had to generate "output measurements," in order to process a warranty claim.

7.     Given that the "output measurements" were extremely complex, and only capable of being performed by a solar expert or engineer, combined with the great expense to perform the tests, the claim-suppressing strategy was implemented, and accomplished its purpose of avoiding the cost to monitor and replace defective SANYO Panels.

8.     Plaintiffs seek recovery on behalf of themselves and all owners who purchased the SANYO Panels or purchased properties on which the SANYO Panels were installed (the "Class Members") for breach of express warranty, specific performance, violation of the provisions of the California and New Jersey consumer protection and unfair business practice statutes and unjust enrichment.

## II.     PARTIES AND VENUE

9.     Defendant SANYO Energy (U.S.A.) Corporation ("SANYO ENERGY") was a Delaware corporation from 1987 until 2009. SANYO Energy's principal place of business was located at 2055 SANYO Avenue, San Diego, California 92154, from approximately 1997 until sometime during 2008, including the times at which Plaintiff's' panels were manufactured and marketed.  SANYO Energy merged with SANYO North America Corporation on July 1, 2009.

10.     Defendant SANYO North America Corporation ("SANYO NA") was a Delaware corporation from 1977 until 2015.  During the entirety of the Class period, SANYO NA's principal place of business was located at 2055 SANYO Avenue, San Diego, California 92154. SANYO NA merged with Panasonic Corporation of North America on April 1, 2015.

11.     Defendant Panasonic Corporation of North America ("PANASONIC NA") is a Delaware corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey 07102, and is a wholly owned subsidiary of Panasonic Corporation, a

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 4 -

PLAINTIFF'S CLASS ACTION COMPLAINT

Case No:

1    Japanese corporation based in Osaka, Japan.

2         12.    Prior to the 2015 merger between defendant Panasonic NA and the Sanyo

3    Defendants, all three Defendants were subsidiaries of Panasonic Corporation.  Panasonic

4    Corporation acquired SANYO Electric Co., Inc. ("Sanyo Electric") and its subsidiaries, including

5    both Sanyo Energy and Sanyo NA, through an incremental process between 2008 and 2011. In a

6    2008 press release, Panasonic Corporation announced its intention to acquire control of SANYO

7    Electric and its subsidiaries. In 2009, Sanyo Energy and Sanyo NA became consolidated

8    subsidiaries of Panasonic Corporation, when Panasonic acquired majority ownership of Sanyo

9    Electric and its subsidiaries. Over the next two years, Panasonic Corporation acquired complete

10   ownership and control of Sanyo Electric, making Sanyo Electric and its subsidiaries wholly

11   owned subsidiaries of Panasonic Corporation by April 2011. As recently as 2018, Panasonic

12   Corporation continues to identify Sanyo Electric as one of its Principal Consolidated Subsidiaries.

13        13.    All subsequent references to "SANYO" herein are intended to refer individually

14   and/or collectively to Defendants SANYO Energy, SANYO NA, SANYO Electric and Panasonic

15   NA, as the context requires.

16        14.    Plaintiff Richard Ziccarello is a resident of Whippany, New Jersey.  On or about

17   October 24, 2006, Plaintiff purchased a solar energy system from The Solar Center, Inc. which

18   included thirty-seven (37) SANYO Panels (Model #HIP-200BA3) at a total cost of Fifty-Nine

19   Thousand Four Hundred Thirty-Five Dollars ($59,435.00).  After receiving a solar rebate from

20   the New Jersey Clean Energy Program ("NJCEP") of Thirty-Seven Thousand Seven Hundred

21   Forty Dollars ($37,740.00), the net cost was Twenty-One Thousand Nine Hundred Ninety-Five

22   Dollars ($21,995.00).

23        15.    Plaintiffs are unaware of the true names and capacities of the Defendants sued

24   herein as DOES 1 through 20, and therefore sue these Defendants by such fictitious names.

25   Plaintiffs will amend this complaint to allege their true names and capacities when they are

26   ascertained.  Plaintiffs are informed and believe that each of the fictitiously named Defendants is

27   responsible in some manner for the occurrences herein alleged and that the damages suffered by

28   Plaintiffs and the Class, were proximately caused by their conduct.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 5 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

16.     Plaintiffs are informed and believe that all Defendants, including the fictitious DOE Defendants 1 through 20, were at all relevant times acting as actual or ostensible agents, conspirators, partners, joint venturers or employees of all other Defendants and that all acts alleged herein occurred within the course and scope of that agency, employment, partnership, or enterprise, and with the express or implied permission, knowledge, consent, authorization and ratification of their co-Defendants.

17.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are at least 100 class members in the proposed class; (2) the combined claims of the proposed class members exceed Five Million Dollars ($5,000,000.00) exclusive of interest and costs; and (3) there is minimal diversity as Plaintiffs and certain members of the proposed class are citizens of the State of New Jersey and Defendant SANYO was a citizen of California and other states at the time of the sale herein including Delaware.

18.     This Court has personal jurisdiction over Defendant SANYO because Defendant SANYO's principal place of business is located in California and Defendant has purposefully availed itself of the privilege of conducting business activities in the State of California and has maintained systematic and continuous business contacts within the State of California, thus rendering the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

19.     Sanyo's contacts with California related to Plaintiff's claims are extensive. On information and belief, Sanyo manufactured the silicon ingots and wafers that were the principal components of its HIT cells in Carson, California, from approximately 1994 until 2012 or later. In 1994, Sanyo acquired a majority interest in Solec International, Inc. ("Solec"), a photovoltaic product manufacturer located at 970 East 236th Street, Carson, California 90745. In 2003, Solec was absorbed by Sanyo Solar (U.S.A.) L.L.C. ("Sanyo Solar"), a California limited liability company wholly owned by Defendant Sanyo NA. From 2003 until its cancellation in 2012, Sanyo Solar's principal place of business was located at 970 East 236th Street, Carson, California 90745, where it continued to manufacture solar ingots and wafers for use in Sanyo panels.

20.    In addition to manufacturing components of Plaintiff's panels in California, Sanyo sold these panels from California, and shipped them directly from California to Plaintiff's installer. Sanyo also extended its warranty to Plaintiff from California.

21.    Furthermore, Sanyo originally designed and put into operation, in California, the warranty claim suppression scheme that Panasonic has continued to carry out following its merger with Sanyo.  Sanyo continued to implement a systematic policy of warranty claim suppression while it was a subsidiary of Panasonic Corporation between 2009 and 2015.

22.    Panasonic continued this warranty claim suppression scheme following its merger with Sanyo. While it was ostensibly managing Sanyo warranty claims, Panasonic deliberately shut down all avenues for submitting Sanyo warranty claims. Although Panasonic was aware that Sanyo's warranties provided two different California addresses for submission of claims, both of which are located in buildings that Panasonic continues to own and occupy, Panasonic stopped accepting claims at either of these addresses. Claims sent to either California address specified in Sanyo's warranties are now rejected and returned, with no indication of a forwarding address to which the returned claims can be resubmitted.

23.    Panasonic also shut down Sanyo's website, the only other avenue of contact provided by Sanyo's warranty. Sanyo's residential customers are not aware that Sanyo merged with Panasonic, but could have been made aware of this by visiting www.sanyo.com, the address of Sanyo's website specified in its warranty. The Internet Archive documents the fact that, until early June 2017, visitors to the Sanyo website were automatically redirected to Panasonic's website. By June 11, 2017, however, Panasonic had deliberately extinguished this redirection. Since that date, and at all times relevant to Plaintiff's warranty claim, an attempt to visit www.sanyo.com leads only to the following error message: "Not Found; The requested URL /news/2009/12/21-1.html was not found on this server." There is no information at all that would lead a warranty claimant to Panasonic.

24.    By deliberately shutting down this vital link, Panasonic took the final step in making virtually impossible what could have been a simple process of submitting Sanyo warranty claims to the successor company now ostensibly managing those claims. This and the other

PLAINTIFF'S CLASS ACTION COMPLAINT

1  actions described above were part of a deliberate scheme engaged in by both Sanyo and

2  Panasonic, intentionally designed to thwart or eliminate warranty claims.

3       25.     As a result of the merger between Panasonic and Sanyo NA, Panasonic assumed

4  the liabilities of Sanyo NA, including the liabilities of Sanyo Energy assumed by Sanyo NA

5  following their 2009 merger. Under California law, Panasonic's successor liability provides this

6  Court with a basis for successor jurisdiction over Defendant Panasonic by virtue of the Court's

7  personal jurisdiction over Sanyo and the imputation to Panasonic of Sanyo's extensive contacts

8  with California.

9       26.     Panasonic's own contacts with California provide an independent basis for

10 personal jurisdiction. Not only does it continue to own and occupy the buildings in which Sanyo

11 was formerly headquartered in both Cupertino and San Diego, California, but Panasonic also took

12 deliberate action in California related to Plaintiff's claims when it intentionally foreclosed the

13 receipt of Sanyo warranty claims at both of these addresses.

14      27.     Venue is proper in this District pursuant to 28 §1391(b)(1), (c)(2) & (d) because

15 Defendant's principal place of business is located in California and, Defendant has purposefully

16 availed itself of doing business in the Northern District of California and has maintained

17 continuous and systematic business contacts with the Northern District of California, including

18 but not limited to having a warranty claims processing center in Cupertino.

19 **III.     FACTUAL ALLEGATIONS**

20      **A.     The Latent Defect in the Solar Panels and Its Effects**

21      28.     Solar Panels are installed on racks which are mounted on the roof or, occasionally,

22 racks installed on the ground.

23      29.     The Solar Panels are connected together by electric cables to achieve a desired

24 voltage output.  The failure of a single SANYO Panel will cause the panels connected to it to

25 reduce output or stop functioning as intended, resulting in a substantial reduction of the capacity

26 of the SANYO Panels to produce electricity.

27      30.     Because of the defect, all SANYO Panels relevant to this litigation have failed or

28 will fail before the end of their expected useful life.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999
- 8 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

31.     There is no way to repair the defect in the SANYO Panels and restore their promised and warranted functionality.  The only means for addressing the failure of the SANYO Panels is to remove them and replace them with other solar panels.

32.     SANYO has ceased manufacturing the solar panels that are the subject of this lawsuit.  SANYO maintains no inventory of comparable SANYO Panels.

**B.     The Benefit of the Bargain When Purchasing SANYO Panels**

33.     The decision of Plaintiff, Richard Ziccarello, and all Class Members, to purchase SANYO Panels involved principally two goals.

34.     The first goal is to enter into a relationship with the solar manufacturer to purchase a solar system in order to save money on one's electricity bill over twenty years (20) past the date of purchase.

35.     The second is to reduce one's environmental impact.

36.     In the first instance, the decision to install a solar system was a major financial commitment and investment for Plaintiffs and all Class Members.

37.     Plaintiff paid the net cost of Twenty-One Thousand Nine Hundred Ninety-Five Dollars ($21,995.00).  The purchase amount was a large financial commitment.

38.     Plaintiff, like many Class Members, was attempting to reduce his future electric bills as part of his financial planning.

39.     Investment in solar power systems requires that the consumer/homeowner pay "up front" for electricity that the manufacturer promises will be generated for the next twenty (20) years.

40.     Plaintiff made the commitment to invest in a SANYO solar system, as did all Class Members, based on one fundamental warranty promise from SANYO - that the panels will perform for a minimum of 20 years, commonly known in the industry as the payback period. Plaintiff was advised that it would take between six to nine years before the purchase price of the panels would be returned through lower electricity bills.

41.     SANYO represented its panels to be state of the art and charged premium prices for their solar panels.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 9 -                                                    Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

42.     In the absence of SANYO's promise of future performance for at least 20 years, which was and remains the principal "benefit of the bargain," Plaintiff would never have purchased a SANYO solar system.

43.     Plaintiff trusted and relied on the representations of their installer, The Solar Center, Inc., authorized by SANYO to make the representation, that the SANYO Panels were "new technology and design" and of the "highest quality."  Most importantly, SANYO was providing a 20-year warranty which guaranteed the performance of the product, and the justification for the substantial investment.  Without that promise, Plaintiffs would never have purchased the SANYO Panels.

44.     Defendant Panasonic, who merged with SANYO in 2015 characterizes the relationship between consumers and the manufacturer from whom it purchased its solar panels as follows:

> "Investing in photovoltaic modules is a long-term commitment.
> Ideally a solar module has a life span of 25 years and over.  That
> makes the relationship with your PV manufacturer almost as durable
> as the one with your life partner.  In order to keep this relationship
> successful and enjoyable, your PV manufacturer needs to be a partner
> you can rely on.  With 42 years of expertise and experience, Panasonic
> Solar is a pioneer and technology leader with a unique track record in
> reliability.  https://eu-solar.panasonic.net/en."

45.     Panasonic purports to advocate a "durable "successful" and "enjoyable" relationship with individuals that invest in their solar panels.  However, the warranty program, now operated by PANASONIC, is a sham.  As set forth below, neither SANYO nor Panasonic can be relied on to respond to warranty claims Defendants and are actively engaged in strategy to thwart and disrupt all residential warranty claims with the specific intention to save money and deprive the owner of SANYO Panels the benefits of the warranty.

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 10 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1

**C.     The Delamination Defect**

2      46.     The SANYO solar panel signature defect, common to all SANYO

3  Panels, purchased by Plaintiff and the Class, is known as delamination.

4      47.     A solar panel consists of several layers of material that is vacuum

5  sealed in order to prevent water and air from coming in contact with the cells which

6  generate electricity, a condition essential to the successful operation of the panel.

7      48.     The layers of the SANYO Panels are depicted below:

8

9

10

11

12

13                        

14

15

16

17

18

19

20

21      49.     The SANYO Panels consist of five layers: glass, the plastic coating encapsulant

22  (commonly known as EVA), solar cells, back sheet, and the back EVA plastic coating

23  encapsulant.

24      50.     Delamination is the detachment of the laminated components of a solar panel.

25  Delamination occurs when the bond between the plastics and the glass on the front or back side of

26  the panel separate.  The photograph below depicts a delaminated panel from the Ziccarello solar

27  array.

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

**PLAINTIFF'S CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13



Image of Delaminated SANYO Panel in Plaintiff's Solar Array

14    51.    Delamination destroys the safe and effective functionality of the solar panel because
15 it allows air and moisture to creep inside of the panel in between the layers of the components of
16 the solar panels.  It is undisputed among the solar industry experts that solar panels must remain
17 hermetically sealed to properly function.  The symptoms of delamination are large white stains
18 (discoloration) in the EVA sheet under the cover glass. This discoloration or whitening of the EVA
19 is the signature manifestation of delamination and the presence of moisture in the panel.

20    52.    Delamination is obvious to solar panel experts but Plaintiffs and average consumers
21 are not aware how to identify delamination or of its significance.

22    53.    Delamination is a condition that is continuous and progressive.  Overtime,
23 delamination, manifested by the white stains in the EVA, become larger and more propagated on
24 the SANYO Panels. The delamination cannot be arrested or repaired.  The panel's production will
25 decrease in direct correlation to the increasing delamination.  This condition will inevitably cause
26 corrosion, degradation of power, safety risks and imminent failure. The consequences of
27 delamination are undisputed among experts in the solar industry.
28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

54.    Ultimately, the delamination is due to weakening chemical adhesion of the EVA which degrade the capacity of the cell to produce electricity.

55.    The delamination failures are systemic throughout Plaintiff's solar system and are caused by a common and universal defect in the SANYO Panels.  In 2018, a routine maintenance inspection of Plaintiff's property by solar contractor Power Overhaul revealed Plaintiff's 37 panels have experienced delamination.

56.    When delamination occurs, it will affect all of the cells in the section of the panel that the delamination occurs.  Delamination in a single cell will cause the panel to lose power output.

57.    All of the SANYO Panels have either experienced delamination failure or will experience delamination failure before the end of their useful life.  The delamination causes the panels to perform under the minimum requirements and therefore, all SANYO Panels must be immediately replaced.

58.    Since at least 2009, Defendants have been aware of the delamination defect in the SANYO Panels and of the resulting power output degradation and safety and fire hazards and have actively and strategically withheld that critical information from the owners of SANYO Panels and refused to warn owners of the known risks.

**D.    Safety Risk and Fire Hazard**

59.    Delamination causes serious safety and fire hazards.  Delamination causes moisture, water and air to come in contact with the wires that conduct electricity.  When moisture enters the panel from the edges of the module, it causes output power loss to the module and electrical hazards.  Delamination can cause the electric current to leak to the frame.

60.    Leaking electric current to the frame can be significant enough to "energize" the frame and cause it to conduct electricity.  In this event, there is a shock hazard and imminent risk of electrocution to anyone who comes in contact with the solar panel.

61.    If the back side of the panel delaminates, bare wires conducting electricity are exposed to the elements and are a dangerous safety risk.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 13 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1

### E.    Arc Fault Failure

2      62.    In addition, delamination can cause the electric current to "arc".  This condition is

3  known as an "arc fault failure".  Arc fault failures can generate temperatures in excess of 2000° -

4  3000°.

5      63.    An "arc fault" is a high power discharge of electricity between two or more

6  conductors. This discharge translates into heat, which can break down the wire's insulation and

7  trigger an electrical fire.  A common cause of arc faults includes faulty connections due to

8  corrosion.  Delamination is known to cause corrosion in the electrical circuitry of solar panels.

9  Corrosion causes gaps or breaks in the electrical circuitry.  Arc faults occur when the electrical

10  current jumps the gap in the circuitry conductors.  Because of the delamination on Plaintiff's and

11  Class Member's panels, the conductors have been corroded and damaged and create an imminent

12  safety risk and fire hazard.

13      64.    Because dry leaves and other dry cellulose materials are often in contact with the

14  surface of solar panels, this inevitably and commonly creates a serious risk of fire and must be

15  eliminated.  This condition also creates a serious safety risk to anyone near the panel when the arc

16  fault failure occurs.  Because the panels cannot be repaired, the only remedy is to immediately

17  replace the panels.  SANYO has failed to warn owners of the serious and dangerous risks.

18              ### F.    Failure to Adequately Test before Sale

19      65.    This systemic delamination is a result of, among other things, SANYO's failure to

20  adequately test its solar panels for long-term performance.

21      66.    SANYO has universally represented and warranted that its panels will produce a

22  minimum of 80% of the maximum output power stated in its specification for 20 years.

23      67.    This representation is false because it was never based upon an adequate testing

24  sample that would justify and support its unfounded promise of a minimum of 80% power output

25  for a warranty period of 20 years.  In the absence of that promise, Plaintiff and the Class, would

26  never have purchased the panels.

27

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 14 -                                    Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

### G.    SANYO Duty to Inspect SANYO Solar Systems and Refusal to Do So

68.    The express warranty, which SANYO asserts is applicable in 2005-2006, provides, in part, as follows:

> Upon receipt of a warranty claim, SANYO or its designated representative
> shall conduct measurements to determine the actual power output of the
> Product(s).  SANYO's measurement shall be the sole determination for
> purposes of warranty settlement.
>
> If such power loss is the result of a product defect, as determined by SANYO
> in its sole and absolute discretion, SANYO will supplement the output
> deficiency using one of the following remedies:
>
> a)    SANYO may provide additional new or refurbished Product(s) to
>        restore the deficient output; or
>
> b)    SANYO may repair or replace the Product(s) with new or
>        refurbished Product(s); or
>
> c)    SANYO may refund the Customer the original Product(s) purchase
>        price less depreciation.  The refund will be pro-rated by the
>        number of years and/or months from the date of purchase by the
>        Customer."

69.    As such, SANYO had and continues to have a duty to inspect and conduct power output measurements for all owners who make a warranty claim.  Plaintiff submitted its warranty claim to SANYO on February 21, 2018.  SANYO has refused, and continues to refuse to inspect Plaintiffs solar system, to conduct measurements "to determine the actual power output of the products."

70.    Well before SANYO merged with Panasonic in 2015, SANYO made a corporate decision based on its own economic self-interest to treat warranty claims from residential properties and commercial properties differently. It is SANYO's universal practice not to pay for power output testing on residential properties. In contrast, SANYO will pay for power output testing on commercial properties but often does not even require such data from commercial

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 15 -                                                    Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1   property warranty claimants.  SANYO will replace solar panels on commercial properties without

2   power output testing data based solely on visual evidence of delamination.  This unfair and

3   unlawful business practice almost without exception was adopted by Panasonic both before and

4   after this 2015 merger.

5   71.   Sanyo's decision in 2009 to not inspect residential properties with the same panels,

6   is representative of SANYO's broader warranty suppression policy of refusing to inspect

7   residential properties.

8   72.   The refusal of SANYO to conduct the warranty inspections as expressly promised

9   in the written warranty constitutes a material breach of the written warranty.  Plaintiffs seek to

10   compel SANYO to perform power output inspections on its solar system and on the solar systems

11   of all Class Members.

12   73.   On information and belief, an example of Sanyo's different treatment of

13   commercial and residential properties was described by Sanyo itself, in a letter sent to PHOTON

14   International Magazine in 2011 after being informed that an upcoming article would report that

15   some Sanyo modules sold in in North America were experiencing short circuits caused by

16   insulation degradation.  Sanyo responded with a letter from Takashi "Charles" Hanasaki, dated

17   March 3, 2011, offering "a brief outline of the situation."  (An online copy of the text of Mr.

18   Hanasaki's letter is attached hereto as Exhibit "A").  On information and belief, Mr. Hanasaki's

19   position at this time was President of Defendant Sanyo NA's Solar & Smart Energy Division,

20   located at 2055 Sanyo Avenue in San Diego.

21   74.   Mr. Hanasaki's letter explained that, "[a]fter receiving the first complaint about an

22   issue with a panel in commercial PV systems from a customer in autumn 2009, SANYO

23   conducted a thorough investigation in the United States, where the problem was reported." The

24   letter acknowledged that this investigation found that some modules "in commercial PV systems

25   using HIP-xxxBA2, HIP-xxxBA3 (the Ziccarello's modules), and HIP-xxxBA5 HIT solar

26   modules which were produced from 2002 to 2008, and sold only in North America . . .

27   experienced insulation degradation."

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 16 -                                                 Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

75.     According to Mr. Hanasaki, Sanyo had "notified its immediate customers"; had "conducted physical site evaluations and inspections"; and was "working with distributors to identify any remaining uninspected commercial systems and to take proactive measures."

76.     In contrast to the "site evaluations and inspections" and other "proactive measures" that Sanyo voluntarily undertook to protect its commercial customers, Sanyo ignored residential owners of the same panels. Although Sanyo knew that residential installations of the same "HIP-xxxBA2, HIP-xxxBA3, and HIP-xxxBA5 HIT solar modules . . . produced from 2002 to 2008, and sold . . . in North America," were subject to the same insulation degradation defect, Sanyo made the decision not to inspect residential properties for this defect.

77.     According to Mr. Hanasaki's letter, if the HIP-200BA3 panels purchased by Plaintiff in 2006 had been installed on a commercial property, the very panels on Plaintiff's property, they would have been inspected by Sanyo in 2009, as part of its "thorough investigation in the United States" of the insulation degradation problem discovered in these panels. The only reason offered by the letter for failing to inspect residential installations of the same panels, or even simply to notify their owners of the existence of the insulation degradation problem, was that "[w]e have not had any reports of similar issues from our customers with residential PV systems."

78.     The refusal of SANYO to conduct the warranty inspections as expressly promised in the written warranty constitutes a material breach of the written warranty.  Plaintiff seeks to compel SANYO to perform power output inspections on its solar system and on the solar systems of all Class Members.

79.     The refusal of SANYO to perform the promised power output measurements has far-reaching consequences. These consequences are known to SANYO and are intentionally designed to block Plaintiff's promised recovery and rights under the written warranty.

80.     First of all, only a highly qualified and trained solar expert is capable and competent to conduct power output measurements on solar panels.

81.     The measurement of the power output consistent with "standard test conditions" set forth by the warranty requires the use of a highly sophisticated and expensive testing

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 17 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

equipment. The tests must be performed in a laboratory environment, necessitating the removal and reinstallation of the panels.

82. The time and expense necessary to conduct measurements to determine the actual power output of SANYO Panels is prohibitively expensive for Class Members or their installers and would likely exceed the cost of an entire new solar array.

**H.      SANYO's Knowledge and Suppression of the Defect in the Solar Panels**

83. Plaintiffs and other SANYO customers and Class Members have reported failures of the SANYO Panels to their installers and to SANYO directly. Installers also reported failures directly to SANYO when submitting warranty claims on behalf of their customers.

84. SANYO customers have returned numerous SANYO Panels with power output failures. The appearance and condition of every returned SANYO Panel was essentially identical and was immediately understood by SANYO engineers to be caused by the delamination defect.

85. On information and belief, SANYO engineers were instructed by their superiors to investigate the failures. SANYO engineers investigated the failures and regularly reported their findings to their superiors both orally and in writing. SANYO engineers determined the cause of the failures to be delamination of the panel. On information and belief, SANYO has determined the cause of the delamination.

86. On information and belief, SANYO tested the failed panels which proved that the SANYO Panels were defective by virtue of the delamination which in turn created safety risks and fire hazard. SANYO engineers quickly understood that the power reduction defect could not be repaired and that the delamination was continuous and progressive and would cause the panels to fail before the end of their useful life.

87. On information and belief, these findings were brought to the attention of numerous SANYO employees, including senior executives and Vice Presidents of manufacturing, sales and marketing, and engineering departments. The refusal of SANYO to disclose the delamination defect or to conduct power output measurements of the panels of residential owners who submit warranty claims constitutes unfair and unlawful business practices which, in turn,

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 18 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

1  caused the failure of the essential purposes of the warranty, namely, long term and safe

2  production of electricity.

3       88.     Although SANYO knew that the SANYO delamination defect represented a safety

4  risk and would ensure that consumers would not receive the benefits of ownership promised by

5  SANYO, SANYO did not disclose the defect to its distributors, sellers, installers or others in the

6  chain of distribution.  Instead, SANYO actively concealed the defect and sold thousands of

7  defective Solar Panels to consumers.

8       89.     This unfair practice by SANYO further places members of the Class at risk of

9  property damage and personal injury because SANYO does not take action to replace the

10  SANYO Panels promptly.

11       90.     SANYO has a warranty database that evidences SANYO's comprehensive

12  knowledge of the failures of its solar panels and the commonality and similarity of the failures.

13       **I.**     **Additional Provisions of the SANYO Warranty**

14       91.     SANYO issued a written warranty (the "Warranty") for the SANYO Panels which,

15  although never received by Plaintiffs and the Class, states that: (1) the SANYO Panels will be

16  "free from defects in materials and workmanship" for two (2) years (the "Workmanship

17  Warranty"); and (2) the SANYO Panels will produce at least ninety percent (90%) of their

18  minimum peak power output for a period of ten years and at least eighty percent (80%) for 20

19  years from the date of installation (the "Power Warranty").

20       92.     The Warranty states as follows:

21       **"1.  Limited Product Warranty – Two Year Repair or**

22       **Replacement.**  SANYO warrants the Product(s) to be free from

23       defects in materials and workmanship under normal application,

24       installation, use and service conditions.  If the Product(s) fails to

25       conform to this warranty, SANYO will, at its sole option, either

26       repair or replace the Product(s)."

27

28

The Warranty further states:

**Table 1.  Minimum Output Power Allowances**

| Period | Remarks |
|---|---|
| At the Time of Purchase | Minimum Power (Pmin)  =  90% of the nominal maximum output power stated in specification |
| 0-10 years | 90% of the minimum power at the time of purchase |
| 10-20 years | 80% of the minimum power at the time of purchase |

Note:  Minimum output power is measured at an optimum voltage under standard test conditions of 1000W/m$^2$ at a cell temperature of 25ºC

93.     Because the use of EVA to encapsulate the panels is virtually industry wide, the failure of the SANYO encapsulant is caused by a defect in materials in workmanship and not design.

94.     The Express Warranty falsely represents "the products to be free from defects in materials and workmanship under normal application, installation use and service conditions."

95.     The Warranty is enforceable by "(i) original and user purchaser… or any subsequent owner of the location, a subsequent title holder of the product…"  Plaintiffs are an original end user purchaser of the SANYO Panels.  Plaintiff is thus entitled to enforce the provisions of the Warranty.

96.     The Warranty provides that: (1) in the event of a breach of either Warranty, SANYO may repair or replace the "Products" with new or refurbished product; or either (2) repair or replace the SANYO Panels or provide additional new or refurbished product to restore deficient output; or (3) refund the purchase price.

97.     Furthermore, because SANYO no longer makes the product and there are no replacement products with comparable dimensions or color available in the marketplace, SANYO cannot in fact replace the panels with SANYO Panels.  Nor is it possible for SANYO to repair the SANYO Panels.

98.     Accordingly, the remedies offered by the Warranty fail of their essential purpose, *i.e.*, to put the purchaser in the position he or she would have enjoyed but for the breach of the Warranty.  The only effective remedy for breach of the Warranty is to remove all existing SANYO Panels and replace them with suitable solar panels manufactured by others, or pay Plaintiff and the Class the cost to remove and replace the panels together with all damages related

Case No:

to lost power.

99.     The Warranty also purports to limit the rights and remedies of purchasers of the SANYO Panels described as 'the product" in the following particulars:

a.      SANYO disclaims responsibility for "the costs of any on-site labor and any costs associated with the removal, packaging, reinstallation, transportation and related costs and fees of [the SANYO Panels] or any components thereof for service;"

b.      SANYO purports to disclaim any implied warranties, including the warranties of merchantability and fitness for a particular use;

c.      SANYO purports to disclaim responsibility for "incidental, consequential or special damages, loss of use, loss of production, or loss of revenues for any reason whatsoever.

d.      The Warranty purports to limit SANYO's "maximum liability under any warranty, expressed, implied, or statutory, or for any manufacturing or design defects" to "the purchase price of the product;"

e.      The Warranty purports to provide that it "shall constitute the only warranty applicable to the product."

100.    Each of these purported limitations and exclusions (the "Warranty Exclusions") is unconscionable and unenforceable against Plaintiffs and the Class.  The Warranty Exclusions were not bargained for by SANYO and its customers, but were imposed unilaterally by SANYO. The Warranty Exclusions are unfair in that they are outside the reasonable expectations of the parties thereto, deny consumers an effective remedy and purport to limit the rights of consumers in ways that are unenforceable under relevant state and federal law.

101.    The Warranty Exclusions are also unfair in that they purport to require owners to pay for the labor cost to replace the defective panels.

102.    The Warranty Exclusion's purported: (1) limitation of SANYO's liability to the cost of the SANYO Panels; SANYO disclaims responsibility for "the costs of any on-site labor

1    and any costs associated with the removal, packaging, reinstallation, transportation and related

2    costs and fees of [the SANYO Panels] or any components thereof for service;"

3         103.    SANYO purports to disclaim any implied warranties, including the warranties of

4    merchantability and fitness for a particular use;

5         104.    SANYO purports to disclaim responsibility for "incidental, consequential or

6    special damages, loss of use, loss of production, or loss of revenues for any reason whatsoever.

7         105.    Similarly, the increased cost of electricity arising from the failure of the Solar

8    Panels could easily exceed the cost of the SANYO Panels themselves.  The provision purportedly

9    eliminating the right to recover the cost of replacement electricity is especially unfair in light of

10   SANYO's prominent claim that installation of the SANYO Panels will reduce or eliminate

11   electricity bills.

12        106.    The unfairness of these limitations in remedy are reinforced by unenforceable

13   provisions of the Warranty stating that it is the exclusive remedy for breach of warranty or for

14   manufacturing or design defects and the purported exclusion of implied warranties.  In fact,

15   Plaintiffs and the Class have substantial rights and remedies available to them both for breach of

16   implied and express warranty and for redress arising from the defective nature of the SANYO

17   Panels, which SANYO cannot lawfully preclude them from asserting.

18        107.    The provisions described above both individually and in combination, are

19   unconscionable, deprive Plaintiffs and the Class of any effective remedy for breach of SANYO's

20   obligations to them and cause the warranty to fail of its essential purpose.  In addition, because

21   Plaintiffs were never provided a warranty none of the limitations apply.

22

23   IV.    **PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

24        A.    **ZICCARELLO FACTS**

25        108.    For many years, Mr. and Mrs. Ziccarello had been interested in solar power as a

26   way to reduce their electric bills, save money, and benefit the environment.

27        109.    The Ziccarellos entered into a written contract with The Solar Center, Inc. on or

28   about October 24, 2006 for the purchase and installation of their solar system on their family

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 22 -                                        Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

1    residence.

2         110.    The Solar Center, Inc. installed 37 SANYO panels on their home, model number

3    HIP-200BA3.

4         111.    In or about February, 2018 Plaintiff had routine maintenance performed by Power

5    Overhaul on their SANYO Panels.  They were informed that their SANYO Panels were

6    delaminating and not properly functioning.

7         112.    All of the SANYO Panels that failed at the Ziccarello's residence were due to the

8    same systemic and universal delamination defect, none of which was known to Plaintiff until they

9    were informed by Power Overhaul.

10        113.    After Power Overhaul informed Plaintiff that there was a problem with some of

11   their panels, Power Overhaul processed a warranty claim with SANYO on behalf of the

12   Ziccarellos.  The claims process was unreasonably slow.

13        114.    SANYO refused to conduct output measurements required by the warranty,

14   SANYO required the Plaintiffs to secure their own solar panel installer to provide information to

15   SANYO.  SANYO ignored and rejected Plaintiff's robust evidence of delamination in their solar

16   panels and rejected Plaintiff's warranty claim, save for one panel of the 37 panels subject to the

17   warranty claim.  Trevor Tufts, the Panasonic warranty person, refused to pay Power Overhaul for

18   power testing.  SANYO refused to perform any power output testing of any sort on the Ziccarello

19   property.  The SANYO report denying the Ziccarello claim is attached hereto as Exhibit "B".

20        115.    Throughout the time that Plaintiff pursued his warranty claim with SANYO,

21   Plaintiff was unaware that the SANYO express warranty specifically required that SANYO, and

22   not Plaintiff, conduct the output measurements and adjust the claim, none of which was disclosed

23   by SANYO to Plaintiff or to Power Overhaul.

24        116.    Additionally, throughout the time of Plaintiff's pursued his warranty claim,

25   SANYO was aware that Plaintiff's panels were experiencing delamination in that Plaintiff's solar

26   maintenance contractor, Power Overhaul, had provided dozens of photographs to SANYO

27   depicting delamination throughout many of Plaintiff's panels. SANYO was further aware that

28   Plaintiff's panels needed to be replaced because of the safety risk and fire hazard.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 23 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

117.    SANYO has refused to pay for damages for loss of power production or the cost of investigation of the defective panels.  Plaintiffs had to pay the sum of approximately Five Hundred Fifty Dollars ($550.00) to Power Overhaul as labor costs to inspect and to replace the one replacement panel provided by SANYO.  The Ziccarellos have incurred increased electricity bills that they would not have incurred if their system were functioning properly.   Despite repeated requests, SANYO has refused to replace the defective system.

118.    Plaintiff is not an expert in warranty law, solar panels or solar electricity and has no technical background about solar energy.

119.    The solar panels that Solar Center Inc. sold to Plaintiff were Sanyo panels, model number HIP-200BA3. The solar system consisted of 37 SANYO Panels and was installed by The Solar Center, Inc.  These Sanyo solar panels purchased by Plaintiff are covered by a 20 year power warranty. A true and correct copy of the warranty is attached hereto as Exhibit "C."  The warranty promises that during years 1 through 10, the panels will produce at least 90% of the "minimum power" stated in Sanyo's "specification" and that during years 11 through 20, the panels will produce at least 80% of the minimum power.

120.    The Warranty further provides in Section 2 that:

> Upon receipt of a warranty claim. SANYO or its designated
> representative shall conduct measurements to determine the actual
> power output of the Product(s).

121.    The Warranty only provides two conditions for obtaining warranty performance. Pursuant to Section 5 of the Warranty, warranty claimants are required to (1) notify Sanyo at a specified address in San Diego, California or online at www.sanyo.com; and (2) provide evidence of purchase.

122.    On February 21, 2018 Matthew Alestra, President of solar contractor Power Overhaul, submitted a warranty claim to Panasonic on behalf of Plaintiff.   The email accompanying the warranty claim stated: "There are 37 modules on the roof, all showing signs of delamination.  Several units are causing ground faults."  The email also stated: "Homeowner is asking for a replacement of all 37 modules."  True and correct copies of emails exchanged

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

1   between Panasonic and Power Overhaul between February 21, 2018 and April 13, 2018 are

2   collectively attached hereto as Exhibit "D."

3         123.   The warranty claim was also accompanied by at least four photos of each of the 37

4   modules. (In some places, the documents reference six photos each.)  Panasonic required that

5   photos be submitted with the warranty claim.  Power Overhaul expended sixteen hours to obtain

6   these photographs which required removal of the roof-mounted panels so that each panel could be

7   photographed, front and back. Panasonic did not compensate Power Overhaul for this work.

8         124.   On February 21, 2018, Panasonic representative Trevor Tuft confirmed by email

9   that Panasonic had received Plaintiff's warranty claim. (See Exhibit "D")

10        125.   After Panasonic received Plaintiff's warranty claim, Panasonic failed to respond to

11   communicate with Plaintiff or Power Overhaul for nearly a month thereafter. When Panasonic did

12   finally communicate with Power Overhaul, on March 16, 2018, Trevor Tuft stated that he "still

13   need[ed] to go through the photos one module after the other[.]"  (See Exhibit "D")  Tuft then

14   mischaracterized the warranty claim as being based merely on modules "causing ground faults"

15   while ignoring that all of the panels were delaminating.  Tuft further stated:

16            [I] is not to say that I don't think they are ground faulting (I don't
              know yet), rather that I would very much suggest submitting
17            electrical data for these modules before I submit this claim for
              review. I know for a fact that if I submit this claim now, with what
18            you've submitted so far, the QA team will ask for the electrical
              data.
19

20        126.   Alestra promptly responded by email that he had:

21            [S]pent 16 hours onsite gathering the (6) photos of each module
              that Panasonic requires for warranty claims. Considering we don't
22            get compensated for submitting these warranty claims, we did not
              spend any more time on site gathering electrical data. We can
23            definitely go back and get it, if Panasonic would be willing to
              cover our costs.
24

25        127.   Alestra further stated that the panels "are failing. The backsheets are falling off

26   and the modules are delaminating.  I cannot imagine that it is electrically safe to leave these

27   modules on the roof."  (See Exhibit "D")

28        128.   Tuft's email to Alestra in response completely ignored Alestra's request that

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 25 -
PLAINTIFF'S CLASS ACTION COMPLAINT

Case No:

Panasonic pay for Alestra to perform the electric testing.  Although Tuft had previously indicated that electrical testing would be needed to evaluate the claim, he now responded that "If that is the case, then I will just prepare what I have now for review."  (See Exhibit "D") Panasonic did not perform power measurement testing and did not pay for Power Overhaul to do such testing.

129.    Although Tuft indicated that he would review the claim with what he already had, another two and a half weeks passed with no response from Panasonic.  On April 5, 2018, Alestra sent another email inquiring about the status of the claim.  (See Exhibit "D")

130.    On April 13, 2018, Tuft finally responded to the warranty claim.  Panasonic agreed to provide one panel and denied the warranty claim as to the other 36 panels.  In denying the warranty claim as to all but one panel, Tuft stated: "Since we only have photographs of the modules with no electrical data our judgement is limited." (See Exhibit "D").

131.    Power Overhaul replied by stating that it "had many customers, distributors, etc. pay a premium for Sanyo product as it was perceived to be a premium product with premium service.  I most certainly don't believe that to be the truth today."  Power Overhaul stated that it had "never seen catastrophic material degradation being handled like this."

132.    On April 13, 2018, Tufts responded on behalf of SANYO that: "The warranty for these modules is not void.  If we receive more data to base our judgement off of, we would be happy to prepare another report that includes that data."  Tufts still did not advise that SANYO was contractually required to conduct the testing.

133.    Tufts suggested that SANYO send one replacement panel and "then while your team is out replacing the module you take the opportunity to conduct amperage readings on any amount of modules you wish.  ***Please understand that the warranty is per-module, so we will only be able to provide replacements for those we have data for.***"  (emphasis added)

134.    Tuft's rejection was accompanied by Panasonic's "Report of Analysis of Customer Claim" related to this claim.  The Report confirmed that based upon serial numbers provided with the claim, "these modules were manufactured by SANYO and sold in USA market" and that "the Power Output warranty (20 years) is available."  (See Exhibit "B").

135.    The Panasonic Report also stated: "We confirmed that the modules have linear

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999
- 26 -
PLAINTIFF'S CLASS ACTION COMPLAINT
Case No:

delamination" and concluded "***It is entirely possible that there are more modules that are***

***underperforming - but without electrical testing, there is no way for us to know.***" *Id.*

136.    The rejection by Trevor Tufts of Plaintiff's valid warranty claim and insistence

that Plaintiff gather "electrical data" constitutes a breach of the warranty.

137.    Tuft also admitted the extensive delamination in an April 13, 2018 email when, by

analogy, he stated: "the paint on these Mercedes is definitely falling off, [but] the warranty only

covers the horsepower of the engine." (See Exhibit "D").

138.    On March 5, 2019, Plaintiff served a notice of warranty claim on Sanyo by

certified mail addressed to: "SANYO Energy (USA) Corp. Attn:  Solar Products Warranty Claim

SANYO Energy (USA) Corp. Attn:  Solar Products Warranty Claim 2055 SANYO Avenue, San

Diego, CA 92154."  (See Exhibit "E").  This is the name and address that Plaintiff's Warranty

instructed claimants to use. The notice was returned to Plaintiff with notation "return to sender

Insufficient Address. Unable to forward.  (See Exhibit "F").

139.    On March 5, 2019, Plaintiff also served a notice of warranty claim on Panasonic at

its headquarters, addressed as follows: "PANASONIC ECO SOLUTIONS NORTH AMERICA,

Division of Panasonic Corporation of North America, Two Riverfront Plaza, 5th Floor, Newark,

New Jersey 07102, Attn: Product Warranties".  (See Exhibit "E").  Panasonic never responded to

this notice.

140.    The Warranty instructed that claimants could submit warranty claims at

www.sanyo.com.  At all times relevant to this claim, www.sanyo.com was and is a defunct

website which does not forward the claimant to the Panasonic website.

141.    The warranty claim section of the Panasonic site makes no reference to Sanyo

panels. Nonetheless, Plaintiff used the Panasonic website to notify Panasonic of his warranty

claim.  Plaintiff identified the model number of his panels and stated:

> I have been informed by my solar contractor that my panels have
> delaminated.  I am concerned about the safety and power output of
> these panels.  They are not functioning properly.  Please consider
> this a notice of a warranty claim and a request that you come to my
> home to inspect the panels

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

142.    On March 9, 2019, Panasonic representative Erik Anderson responded to a March 8, 2019 email from Plaintiff further notifying Panasonic of his power output warranty claim, by stating: "Panasonic does not perform any field work."  Panasonic has made no effort to follow up further with Plaintiff regarding the warranty claim that he submitted.  Panasonic has performed no testing, despite the requirements of the Warranty and Panasonic's contention that such testing is needed to evaluate claims.  Attached hereto and marked Exhibit "G" is the March 8, 2019 email from Plaintiff to Erik Anderson.  Attached hereto and marked Exhibit "H" is the March 9, 2019 email from Erik Anderson to Plaintiff.

143.    Panasonic breached the Power Output Warranty on April 13, 2018 by failing to and refusing to test to obtain power output measurements as promised in the Power Output Warranty and by refusing to replace 36 defective, delaminated panels which were suffering from progressive power degradation.

144.    The delamination defect in all of Plaintiff's SANYO Panels constitutes a breach of the Power Output Warranty.  On information and belief, the defect has caused the panels to lose their ability to produce the represented power levels which has resulted in a breach of the Power Warranty.  Because all of Plaintiff's panels have failed within their useful life, Plaintiff have demanded that SANYO replace the entire solar system.  SANYO has refused to do so and has thereby further breached the warranty.

145.    As a result of the defects alleged herein, for an unknown period of time, the power production of the panels on Plaintiff's property was below the levels promised in the Power Warranty.

146.    All of the SANYO Panels that failed at Plaintiff's residence were due to the same systemic and universal delamination defect.

147.    In response, SANYO refused to pay for damages for loss of power production, the cost of the removal and replacement of the racking system, or the cost of investigation of the defective panels.  Plaintiff had to pay Power Overhaul approximately Five Hundred Fifty Dollars ($550.00) for labor costs associated with the inspection and installation of the single replacement panel provided by SANYO.  Plaintiff has incurred increased electricity bills that he would not

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 28 -                                                        Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1    have incurred if the system were functioning properly.  Despite repeated requests and the known

2    safety and fire risks posed by the delaminated panels on Plaintiff's home, SANYO has refused to

3    replace the defective system.

4          148.    The SANYO warranty program is deliberately designed and implemented to

5    obstruct and prevent the resolution of warranty claims by owners of SANYO Panels in order to

6    avoid the considerable expense of the testing and costs of replacement panels.

7            **B.**       **FACTS COMMON TO ALL PLAINTIFFS**

8          149.    SANYO's refusal to pay for: (1) testing of the SANYO Panels  (2) "on-site labor

9    and any costs associated with the "removal, reinstallation or transportation of [the SANYO

10    Panels]" or  (3) "any special incidental, consequential or punitive damages arising from the use or

11    loss of use of or failure of [the SANYO Panels] to perform as warranted, including but not limited

12    to damages for lost power, cost of substitute power, lost profits or savings represents unlawful

13    and wrongful enforcement of the Warranty Exclusions against Plaintiffs.

14          150.    The racking systems used to mount the SANYO Panels are not the same size as the

15    racking systems that are used for products which can replace the SANYO Panels.  For this reason,

16    the removal and replacement of the SANYO Panels cannot be accomplished without replacing the

17    racking systems to which the SANYO Panels are attached.  This replacement damages the roof

18    and, unless addressed by the installer, has a serious adverse effect on the appearance of the roof.

19          151.    SANYO refused to pay for the cost of testing the SANYO Panels as required by

20    the Warranty. As a result, Plaintiffs were forced to pay the substantial cost of such testing and

21    thereby has been damaged in an amount to be proven at trial.

22          **V.**      **CLASS ALLEGATIONS**

23          152.    The Class which Plaintiffs seek to represent in this action is composed of six (6)

24    Subclasses defined as follows.

25              a.      **Original Purchaser Consumer Subclass:**  All persons or entities in the

26                  United States who purchased and installed SANYO Panels.

27              b.      **Original Purchaser Subclass:**  All persons or entities who purchased and

28                  installed SANYO Panels in California.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 29 -               Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

c.   **Original Purchaser Subclass:** All persons or entities who purchased and installed SANYO Panels in New Jersey.

d.   <u>**Subsequent Title Holder Subclass:**</u> All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in the United States on which the SANYO Panels were originally installed.

e.   <u>**Subsequent Title Holder Subclass:**</u> All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in California on which the SANYO Panels were originally installed.

f.   <u>**Subsequent Title Holder Subclass:**</u> All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in New Jersey on which the SANYO Panels were originally installed.

g.   <u>**Non-consumer commercial owners of SANYO Panels are excluded from claims limited to consumers**</u>.

153.   Excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest, and Defendants' legal representatives, heirs and successors, and any judge to whom any aspect of this case is assigned, and any member of such a judge's immediate family. Claims for personal injury are excluded from the claims of the Class.

154.   Plaintiffs reserve the right to modify or amend the Class definition, as appropriate.

155.   The specific years during which the relevant panels were manufactured and marketed, are unknown to Plaintiffs at this time.  Plaintiffs also have insufficient information at this time to specify all series or models of panels falling within the Class, because Plaintiffs lack full knowledge of the basis on which SANYO ascribed model numbers to particular panels. Once this information is ascertained, Plaintiffs will amend the complaint to assert the exact Class period and the specific models and/or series of panels that constitute the Class.

156.   Individual and representative Plaintiffs bring this lawsuit as a Class action, on behalf of themselves and all others similarly situated, in part, pursuant to California Code of Civil Procedure § 382 ("CCP § 382").

157.   Under CCP § 382 a class action is proper where the Class is ascertainable, there is a well-defined community of interest among class members, the question is one of a common or

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

general interest or the parties are numerous and it is impracticable to bring them all before the court.

158.    Certification of Plaintiff's claims for class wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis and because this case meets the requirements of CCP § 382.

159.    **Numerosity.**  The members of the Class are so numerous that individual joinder of all the members is impracticable.  Plaintiffs are informed and believe, and thereon allege, that there are at least thousands of purchasers who have been damaged by the conduct alleged herein.

160.    **Commonality and Predominance.**  This action involves common questions of law and fact which predominate over any questions affecting individual Class Members including, without limitation, the following:

a.    Whether Defendant SANYO violated California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*., by, among other things, engaging in unfair or unlawful practices;

b.    Whether Defendant SANYO violated California's Consumer Legal Remedies Act, Civ. Code § 1750 *et seq*., by falsely advertising the Solar Panels were of a certain quality when in fact, they were not;

c.    Whether Defendant SANYO breached its express warranties to Plaintiffs and the Class;

d.    Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages; and

e.    Whether Defendants should be declared financially responsible for the costs and expenses of removal and replacement of all Solar Panels as well as compensation for the lost energy generation capacity of the Solar Panels.

f.    Whether Defendants should be compelled to perform warranty inspections and conduct power measurements.

161.    **Typicality.**  Plaintiff's claims are typical of the claims of the Class because Plaintiffs, like all members of the Class, has been damaged by Defendants' unlawful conduct, in that Plaintiffs will incur the cost of removing and replacing the defective SANYO Panels, and

have and will incur the increased costs of electricity resulting from the loss of electricity generation during the period between the failures and replacement and are presently exposed to safety risks and fire hazards.  The factual basis and causes of action for Plaintiffs' claims are common to all members of the Class and represent a common course of misconduct resulting in injury to all Class Members.

162.    **Adequacy of Representation.**  Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the Class and they have retained counsel competent and experienced in complex class action litigation and who specializes in class actions involving defective construction products.   Plaintiffs intend to prosecute this action vigorously and the interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

163.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy in that:

a.      The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent or varying adjudications which would establish incompatible results and standards for Defendants;

b.      Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their own separate interests;

c.      Class action treatment avoids the waste and duplication inherent in potentially thousands of individual actions, and conserves the resources of the courts; and

d.      The claims of individual Class Members are not large when compared to the cost required to litigate such claims. The individual Class members' claims are on average approximately

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 32 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1    Twenty Thousand Dollars ($20,000.00) to Twenty-Five Thousand

2    Dollars ($25,000.00).  Given the high cost of litigation, it would be

3    impracticable for the members of the Class to seek individual

4    redress for Defendants' wrongful conduct.  The class action device

5    provides the benefits of single adjudication, economies of scale,

6    and comprehensive supervision by a single court.  The case

7    presents no significant management difficulties which outweigh

8    these benefits.

9    **VI.    DAMAGE**

10   164.    As a result of the facts alleged herein, Plaintiffs and the Class have been damaged

11   in an amount equal to the difference in value between the solar panels had they been as

12   represented by SANYO and the value of the SANYO Panels as actually delivered by SANYO.  In

13   addition, Plaintiffs and the Class have been or will be compelled to incur cost and expense to,

14   *inter alia*, investigate the reasons for the failure of their SANYO Panels, remove and replace the

15   SANYO Panels, and pay increased electricity costs resulting from the loss of electricity generated

16   by the SANYO Panels.  These amounts include sums necessary to repair damage to the roof

17   which occurs because the mounts for the SANYO Panels must be removed, as well as the cost of

18   building permits and the cost to replace the inverters for the solar system.

19   165.    The Solar Tiles were intended to enable Plaintiffs and other Class Members to use

20   the exteriors of their homes to collect solar energy and generate electricity.  Class Members have

21   suffered loss of use of their homes for this purpose because the Solar Tiles have failed as the

22   result of delamination.

23   166.    Plaintiffs, like all Class Members, have been damaged by Defendants' wrongful

24   conduct, in that they have lost the intended use of their home exterior for generating electricity,

25   and will continue to incur such loss for the remainder of expected life of the Solar Tiles, unless

26   they incur the additional cost of replacing the defective Solar Tiles on their homes with an

27   alternative system. The delamination causes sudden and accidental physical damage to other

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 33 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1   components of the Panel, which results in the power loss.  Class Members will also incur costs to

2   repair damage to other components thereof which the Panels have directly and proximately

3   caused.  The water intrusion and arcing can also cause damage to elements other than the

4   Laminate, including electrical wiring, cables, electrical junction boxes, inverters, underlayment,

5   plywood, and the underlying roof itself.

### VII.   ESTOPPEL TO ASSERT STATUTE OF LIMITATIONS

167.   Despite SANYO's knowledge that delamination necessarily results in power loss

and that delamination creates a safety risk of fire and/or electric shock, SANYO has refused to

honor warranty claims based upon photographic evidence of delamination based upon the

knowingly false assertion that delamination is cosmetic, akin to paint scratched off a car, and not

covered under the warranty.

168.   Plaintiffs never agreed to a statute of limitations period of one year. Plaintiff was

never provided with a copy of this written warranty or any written warranty related to the solar

panels before the panels were installed.  Plaintiff was never advised of the existence of the

provision that purports to shorten the statute of limitations period nor was that provision the

product of negotiations with Plaintiff.  Plaintiff did not sign the written warranty nor any other

document that purported to shorten the statute of limitations period.

169.   The language in the warranty purporting to shorten the limitations period is not

conspicuous.  The language is not in bold print and is not in larger font.  It is located near the end

of the document.  It is not capitalized and, in fact, is the only portion of the paragraph in which it

appears that is not capitalized.

170.   The written warranty proffered by Defendants is a pre-printed, standardized form

drafted by SANYO

171.   Defendants' failure to disclose their duty to conduct power measurements and that

the written warranty purported to have a one year statute of limitations had a direct bearing on the

necessity of bringing a timely suit.

172.   Even when such failures occur, it is difficult for members of the Class to determine

the actual cause of the failure.  Accordingly, Plaintiffs did not and members of the Class do not

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 34 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

become aware of breaches of warranty alleged herein until the defects in the SANYO Panels become manifest and the property owner does sufficient investigation with the use of third party solar contractors or experts to identify the source of the problem.  Accordingly, the statute of limitations for the claims asserted herein does not commence to run until some period of time after Plaintiff's discovery of the defect in each of its 37 panels.

173.     SANYO has not made any general disclosure of the defect.  Nor did SANYO disclose the safety risk associated with the defect.  Plaintiffs were ignorant of the true facts. Accordingly, SANYO is estopped to rely on any statutes of limitation in defense of this action.

174.     Defendants intended its lack of disclosure to deceive and induce Plaintiffs not to act.

175.     SANYO representative Trevor Tufts represented to a Class Member's representative on April 13, 2018 that SANYO evaluates solar panel warranty claims on a "per-module" basis.  Therefore, even assuming *arguendo* that a one year statute of limitations applies, such one year limitation would be applied to each module individually as that individual module manifested defects.

## FIRST CLAIM FOR RELIEF
### (Breach of Express Written Warranty)
### (California, New Jersey and Nationwide Class)

176.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

177.     This claim for relief is brought by Plaintiffs on behalf of the California Class and is pleaded in the alternative.

178.     When Plaintiffs purchased the SANYO Panels, Plaintiffs were promised a 20-year manufacturer's power warranty.  The promise that was conveyed to Plaintiffs that the SANYO Panels would produce at least 80% power from years 11 through 20 is corroborated by the written warranty that SANYO contends governs the warranty claim.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 35 -                                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9

"**2.  Limited Power Output Warranty – Limited Remedy**.

SANYO warrants the power output degradation will not fall under

80% of the designated minimum Power (Pmin) output shown

below on Table 1 from the date of Product(s) purchase by the

Customer.  Upon receipt of a warranty claim, SANYO or its

designated representative shall conduct measurements to determine

the actual power output of the Product(s).  SANYO's

measurements shall be the sole determination for purposes of

warranty settlement."

10
11
12

If such power loss is the result of a product defect, as determined by

SANYO in its sole and absolute discretion, SANYO will supplement the

output deficiency using one of the following remedies:

13
14

a)      SANYO may provide additional new or refurbished Product(s) to

restore the deficient output; or

15
16

b)      SANYO may repair or replace the Product(s) with new or

refurbished Product(s); or

17
18
19
20

c)      SANYO may refund the Customer the original Product(s) purchase

price less depreciation.  The refund will be pro-rated by the

number of years and/or months from the date of purchase by the

Customer."

21      179.    SANYO also breached the warranty by failing to conduct tests required by

22 warranty and failing to pay for such tests.

23      180.    Plaintiff is informed and believes that the delamination defect has caused all of his

24 panels to be unsafe and to produce electricity below the promised 80%.  SANYO breached the

25 power warranty by failing to provide 80% power and refusing to replace all panels that had failed

26 or were reasonably certain to fail.

27      181.    The warranty also explicitly provides that upon receipt of a warranty claim,

28 SANYO will conduct power output measurements.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999
- 36 -                                    Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

182.     Inherent in the Power Warranty is the promise to provide such power safely. Regardless of the power output level, SANYO has breached the Power Warranty because the panels are unable to produce the promised level of power output without an unreasonable risk of electrical shock and/or fire.

183.     As described hereinabove, the panels have delaminated and present an imminent safety risk and fire hazard.

184.     As a result of SANYO's breach of the Power Warranty, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty - Magnuson-Moss Warranty Act)
### (California, New Jersey and Nationwide Class)

185.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

186.     The allegations of this Claim for Relief are based on the breaches of warranty addressed fully in the previous Claim for Relief.  The specific allegations of the complaint relevant to that claim are detailed therein.

187.     The Solar Panels are a consumer product as defined in 15 U.S.C. § 2301(1).

188.     Plaintiffs and the Class Members are consumers as defined in 15 U.S.C. § 2301(3).

189.     SANYO is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

190.     The Warranty contains "written warranties" within the meaning of 15 U.S.C. § 2301(6).

191.     As alleged previously, SANYO has breached the Warranty.

192.     Additionally, pursuant to 15 U.S.C. § 2304(d)(1), SANYO may not assess Plaintiffs or Class Members any costs the warrantor or its representatives incur in connection with the required remedy of a warranted product…[I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

1   the warrantor." SANYO has refused to pay all costs associated with the inspection, diagnosis of

2   power output defect, removal and replacement of the Solar Panels.

3       193.    Pursuant to 15 USC § 2304(b)(1), a warrantor is prohibited from imposing any

4   duty on a consumer as a condition of securing a remedy other than a duty of notification.

5       194.    Plaintiffs have provided SANYO with notice of breach of the Warranty and a

6   reasonable opportunity to cure the breach. SANYO has failed to remedy the breach of its

7   obligations under the Warranty.

8       195.    Further notice to SANYO of its breach of the Warranty would be futile because

9   SANYO is aware of and has acknowledged the defects in the Solar Panels and, because it no

10  longer manufactures the Solar Panels, it cannot provide to Plaintiffs and the Class Members any

11  remedy other than replacement of the Solar Panels with other panels.

12      196.    As a result of SANYO's breach of the Warranty, Plaintiffs and the Class Members

13  have been damaged in an amount to be proven at trial.

14

15                      **THIRD CLAIM FOR RELIEF**
                         **(Unjust Enrichment)**
16                  **(California and Nationwide Class)**

17      197.    Plaintiffs incorporate by reference each allegation set forth in the preceding

18  paragraphs.

19      198.    In the alternative to an express warranty, SANYO has been unjustly enriched as

20  follows.

21      199.    Plaintiffs paid Twenty-One Thousand Nine Hundred Ninety-Five Dollars

22  ($21,995.00) to purchase a solar power system which included 37 Sanyo Panels.

23      200.    Plaintiffs believed that the solar panels that they were purchasing were covered by

24  a power warranty that would guarantee 90% performance for the first 10 years and 80%

25  performance for the next 10 years. In the absence of such a warranty, Plaintiffs would not have

26  purchased the SANYO Panels. Plaintiff's belief was based upon representations about the

27  warranty made by SANYO with the intent that it be passed along to consumers by the SANYO

28  installer.

201.     SANYO has been further unjustly enriched in that the purchase price paid by Plaintiff's and Class Members contemplated that SANYO would bear the cost of power output testing. However, SANYO has refused to perform such testing which renders the warranty useless as SANYO refuses to adjust virtually all warranty claims without the consumer providing "electrical output data."  It is  impossible for the Plaintiff and Class Members to obtain power output measurements due to the cost and complexity of the testing.

202.     SANYO was enriched by this transaction because it made a profit on the sale of the solar panels and Plaintiffs agreed to pay the purchase price in the belief that the panels were covered by a 20-year power warranty.  SANYO's enrichment came at the expense Plaintiffs because Plaintiffs paid the purchase price from which SANYO derived its profit.

203.     SANYO's enrichment is unjust in that in that SANYO has engaged in unlawful or unfair business acts alleged herein.  SANYO has engaged in these unlawful or unfair business acts in an effort to avoid honoring the promises made to Plaintiffs and upon which Plaintiffs relied in making their purchasing decision.

204.     Plaintiffs and Class Members are entitled to a judgment of restitution or disgorgement of monies that SANYO has unjustly obtained or retained as a result of its wrongful acts alleged above, including but not limited to amounts paid by Plaintiffs and Class Members for power output testing that should have been paid for by SANYO.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Business & Professions Code §17200, *et seq*.)**
**(California and Nationwide Class)**

205.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

206.     Plaintiffs bring this cause of action and on behalf of the California Class.

207.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  A single unlawful, unfair and/or fraudulent act is sufficient to find a violation.

208.   SANYO's conduct, as described herein, was and is unfair or unlawful and in violation of the UCL. SANYO's conduct violates the UCL in at least the following ways:

a.   SANYO has refused to conduct power measurements required by paragraph 2 of the written warranty, in violation of the warranty;

b.   SANYO has concealed from claimants that SANYO is contractually obligated to provide power measurement testing at SANYO's expense, despite having an obligation to disclose warranty terms to claimants.

c.   SANYO has misrepresented to Plaintiffs and Class Members that claimants are required to obtain power output measurements at their own expense to pursue a warranty claim;

d.   SANYO has misrepresented to Plaintiffs and Class Members that they are required to obtain power output tests in situations in which SANYO knew such tests were unnecessary because Plaintiffs and Class Members had presented satisfactory evidence of the presence of delamination, and hence panel failure, a condition understood by SANYO, and not Plaintiffs and Class Members;

e.   SANYO denied warranty claims in bad faith or demanded further unnecessary information when claimants had provided sufficient evidence, i.e., evidence of delamination;

f.   SANYO has violated 15 USC § 2304(b)(1) of the Magnuson Moss Warranty Act by setting conditions other than notification on Plaintiff's receipt of warranty remedies.  Specifically, SANYO conditions the receipt of any warranty remedy on Plaintiffs and Class Members paying for expensive and complicated power tests, which only solar experts could perform, (even when the tests are not necessary).

g.   SANYO has violated 15 USC § 2304(d) of the Magnuson Moss Warranty Act, which requires a warrantor to provide a warranty remedy "without charge" to the consumer.  SANYO has required Plaintiffs and Class Members to incur charges for expensive power tests before SANYO considers their warranty claims;

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

h.      SANYO has violated 16 CFR § 702.3 by failing in most instances to provide a copy of the written warranty as required;

i.      SANYO has misrepresented to Plaintiffs and Class Members that delamination is merely cosmetic and, therefore, not covered by warranty when SANYO knew that delamination necessarily indicated power degradation and also presented an unreasonable safety risk;

j.      SANYO misrepresented that the solar panels would produce the promised level of power for 20 years.

k.      SANYO has violated California Commercial Code §2313(1)(a), that SANYO by breaching the express warranty as set forth in the First Claim for Relief.

209.    Each of SANYO's actions in the foregoing paragraph constitute unfair and/or unlawful practices pursuant to California Business and Professions Code §§ 17200, *et seq.*

210.    All of SANYO's conduct alleged herein occurred in the course of SANYO's business and were part of a pattern or generalized course of conduct.

211.    SANYO has further engaged in an unfair business practice by failing to advise its consumers of the safety risk created by its solar panels because the solar panels have delaminated or will delaminate before the end of the solar panels' useful life.  Delamination creates a substantial risk of fire and/or electric shock.   SANYO has promised that the solar panels will provide at least 80% output for 20 years.  It is inherent in this promise that the panels will produce the power safely.  Due to the safety risk, SANYO had an affirmative obligation to notify its consumers regarding these risks but has failed to do so.

212.    SANYO engages in these unlawful and/or unfair business acts in order to avoid costs associated with power tests that are SANYO's responsibility and also to dissuade consumers from making or further pursuing legitimate warranty claims due to cost and delay.  SANYO has misrepresented the alleged cosmetic nature of delamination in order to avoid paying warranty claims.

213.    SANYO's unlawful or unfair business acts, as alleged above, have caused Plaintiffs and Class Members to incur costs for inspection, procuring photographs and power

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 41 -                                    Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

output tests to pursue warranty claims.  These acts also delay warranty claims during which time Plaintiffs and Class Members incur damages due to lower power output. As a result of the foregoing, Plaintiffs and Class Members have been damaged by SANYO'S unlawful or unfair business acts.

214.    SANYO 's practices are unfair and likely to mislead, and have misled, members of the Public.  This business practice was unfair and unlawful as Plaintiffs and members of the Class, were misled into believing that they were required to provide their own testing or were deprived of the benefit of the contractual provision that SANYO provide testing.

215.    SANYO knew its warranty contract required it to provide testing.

216.    SANYO continued to tell potential warranty claimants that claimants were required to provide testing despite the fact it knew or should have known that this was unfair, unlawful and in breach of the warranty.

217.    Plaintiff and all members of the Classes suffered injury in fact as a result of SANYO's unfair methods of competition. As a proximate result of SANYO's conduct, Plaintiffs and members of the Classes were exposed to these representations or requirements, relied on them, and suffered monetary loss as a result.

218.    Plaintiff seeks to enjoin further unlawful or unfair acts or practices by SANYO under Cal. Bus. & Prof. Code § 17200, to compel SANYO to act as follows: when SANYO receives a Power Warranty claim from a consumer, SANYO shall provide a remedy by removing and replacing all solar panels that have experienced delamination, or in the alternative, SANYO shall be compelled, at its cost, to conduct measurements of power output of SANYO Panels.  If after such testing SANYO refuses to provide a full remedy, SANYO shall be compelled to remove and replace at its expense all panels that are experiencing delamination and all panels that are producing power at a level below the promised power output.  Plaintiffs also seek attorneys' fees and costs and such other appropriate relief as allowed under § 17200, *et seq.*

219.    SANYO's acts were done maliciously, oppressively, deliberately, and in reckless disregard of Plaintiff's and the other Class members' rights and well-being to enrich SANYO. SANYO's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

Case No:

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

1

2

## FIFTH CLAIM FOR RELIEF
### (Violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*)
### (New Jersey Class)

3        220.    Plaintiff incorporates by reference each allegation set forth in the preceding

4   paragraphs.

5        221.    Plaintiff brings this cause of action individually and on behalf of the New Jersey

6   Class.

7        222.    The New Jersey Consumer Fraud Act (NJCFA) prohibits "any unconscionable

8   commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the

9   knowing concealment, suppression, or omission of any material fact with intent that others rely

10  upon such concealment, suppression or omission…"  The NJCFA prohibits the foregoing

    "whether or not any person has in fact been misled, deceived or damaged thereby."

11       223.    Plaintiff is informed and believe that SANYO did not conduct any testing or

12  sufficient testing to have a reasonable basis for asserting that the solar panels would produce the

13  promised level of power for 20 years.  SANYO misrepresented that the solar panels would

14  produce the promised level of power for twenty years.

15       224.    Consumers were-likely to be deceived by the misrepresentation of SANYO

16  regarding the performance of its solar panels over 20 years and were deceived by it.

17       225.    SANYO's conduct, as described herein, was and is unfair and/or unlawful and in

18  violation of the NJCFA. SANYO's conduct violates the NJCFA in at least the following ways:

19            a.    SANYO has refused to conduct power measurements required by

                    paragraph 2 of the written warranty, in violation of the warranty;

20
              b.    SANYO has concealed from claimants that SANYO is contractually

21                  obligated to provide power measurement testing at SANYO's expense,

22                  despite having an obligation to disclose warranty terms to claimants.

23            c.    SANYO has inaccurately told Plaintiff and Class Members that claimants

24                  are required to obtain power output measurements at their own expense to

25                  pursue a warranty claim;

26            d.    SANYO has inaccurately told Plaintiff and Class Members that they are

27                  required to obtain power output tests in situations in which SANYO knew

28                  such tests were unnecessary because Plaintiff and Class Members had

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No:

presented satisfactory evidence of the presence of delamination, and hence panel failure, a condition understood by SANYO, and not Plaintiff and Class Members;

e.    SANYO denied warranty claims in bad faith or demanded further unnecessary information when claimants had provided sufficient evidence, i.e., evidence of delamination;

f.    SANYO has violated 15 USC § 2304(b)(1) of the Magnuson Moss Warranty Act by setting conditions other than notification on Plaintiff's receipt of warranty remedies.  Specifically, SANYO conditions the receipt of any warranty remedy on Plaintiff and Class Members paying for expensive and complicated power tests, which only solar experts could perform, (even when the tests are not necessary).

g.    SANYO has violated 15 USC § 2304(d) of the Magnuson Moss Warranty Act, which requires a warrantor to provide a warranty remedy "without charge" to the consumer.  SANYO has required Plaintiff and Class Members to incur charges for expensive power tests before SANYO considers their warranty claims;

h.    SANYO has inaccurately told Plaintiff and Class Members that delamination is merely cosmetic and, therefore, not covered by warranty when SANYO knew that delamination necessarily indicated power degradation and also presented an unreasonable safety risk;

i.    SANYO inaccurately told Plaintiff and Class Members that the solar panels would produce the promised level of power for 20 years.

j.    SANYO has violated New Jersey Commercial Code § 12A:2-313, that SANYO by breaching the express warranty as set forth in the Second Claim for Relief.

226.    SANYO has further engaged in an unfair business practice by failing to advise its consumers of the safety risk created by its solar panels because the solar panels have delaminated or will delaminate before the end of the solar panels' useful life.  Delamination creates a substantial risk of fire and/or electric shock.   SANYO has promised that the solar panels will

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

provide at least 80% output for 20 years.  It is inherent in this promise that the panels will produce the power safely.  Due to the safety risk, SANYO had an affirmative obligation to notify its consumers regarding these risks but did not do so.

227.    SANYO engages in these wrongful acts in order to avoid costs associated with power tests that are SANYO's responsibility and also to dissuade consumers from making or further pursuing legitimate warranty claims due to cost and delay.  SANYO has misrepresented the alleged cosmetic nature of delamination in order to avoid paying warranty claims already made.

228.    SANYO's wrongful acts, as alleged above, have caused Plaintiff and Class Members to incur costs for tests to pursue warranty claims.  These acts also delay warranty claims during which time Plaintiff and Class Members incur damages due to lower power output. As a result of the foregoing, Plaintiffs and Class Members have been damaged by SANYO'S wrongful acts.

229.    Plaintiff and all members of the Classes suffered injury in fact as a result of SANYO's wrongful acts.  As a proximate result of SANYO's conduct, Plaintiff and members of the Classes were subjected to these unfair and unlawful practices, and suffered monetary loss as a result.

230.    Pursuant to § 56.8-2.11 of the JNCFA, New Jersey Class Members are entitled to a refund of all monies acquired by SANYO by violations of the NJCFA.  The rights and remedies accorded to New Jersey Class Members under the NJCFA are in addition and cumulative of any other right.

231.    SANYO's acts were done maliciously, oppressively, deliberately, and in reckless disregard of Plaintiff and the other Class members' rights and well-being to enrich SANYO. SANYO's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray the Court to certify the Class as defined hereinabove, to enter judgment against Defendants and in favor of the Class, and to award the following relief:

1.    For Certification of the proposed Class and each Subclass thereof;

- 45 -
PLAINTIFF'S CLASS ACTION COMPLAINT
Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999
Case No:

2.      For compensatory damages as alleged herein, according to proof;

3.      For an injunction enjoining SANYO from enforcing, threatening to enforce or claiming the right to enforce any of the Warranty Exclusions and  requiring that: (1) SANYO advise consumers affirmatively of their rights to all damages to which they are lawfully entitled; (2) SANYO make full disclosure to all members of the Class concerning the risk of fire resulting from the failure of the SANYO Panels and advise members of the Class how they can determine if their SANYO Panels have failed; and  (3) SANYO be enjoined from asserting the one year statute of limitations.

4.      For an injunction compelling SANYO to provide a remedy by

      a.      removing and replacing at its expense all solar panels; or,

      b.      in the alternative, if it is determined at trial that testing is needed,

          i.      to compel SANYO to perform testing at its expense; and

          ii.      to compel SANYO to then remove and replace at its expense all solar panels that are experiencing delamination and all solar panels that are producing power at a level below the promised power output.

5.      For a judgment of restitution or disgorgement of monies that SANYO has unjustly obtained or retained as a result of its wrongful acts alleged above, including but not limited to amounts paid by Plaintiff and Class Members for power output testing that should have been paid for by SANYO.

6.      For costs and attorneys' fees, as allowed by law;

7.      For such other further legal or equitable relief as this Court may deem appropriate under the circumstance; and

8.      For an award of punitive damages.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 46 -

Case No:

PLAINTIFF'S CLASS ACTION COMPLAINT

1    DATED:        April 12, 2019              BIRKA-WHITE LAW OFFICES

2

3                                             By:___/s/ David M. Birka-White_____
                                                    DAVID M. BIRKA-WHITE
4
                                              John D. Green (State Bar No. 121498)
5                                             jgreen@fbm.com
                                              **FARELLA BRAUN & MARTEL LLP**
6                                             235 Montgomery Street, Suite 1700
                                              San Francisco, CA 94104
7                                             Telephone: (415) 954-4400
                                              Facsimile:  (415) 954-4480
8

9                                             Charles E. Schaffer (State Bar No. PA76259)
                                              cschaffer@lfsblaw.com
10                                            **LEVIN SEDRAN & BERMAN, LLP**
                                              510 Walnut Street, Suite 500
11                                            Philadelphia, PA 19106
                                              Telephone: (215) 592-1500
12                                            Facsimile:  (215) 592-4663

13                                            Attorneys for Individual and Representative
                                              Plaintiff RICHARD ZICCARELLO
14

15                    **PLAINTIFFS' DEMAND FOR JURY TRIAL**

16
            Plaintiff RICHARD ZICCARELLO, on behalf of himself and all others similarly situated,
17
     by and through Birka-White Law Offices, hereby demands a jury trial of all issues in the above-
18
     captioned matter.
19

20   DATED:        April 12, 2019              BIRKA-WHITE LAW OFFICES

21

22                                            By:___/s/ David M. Birka-White_____
                                                    DAVID M. BIRKA-WHITE
23
                                              Attorneys for Individual and Representative
24                                            Plaintiff RICHARD ZICCARELLO

25

26

27

28

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 47 -                                          Case No:
PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT A

re-wrenches@lists.re-wrenches.org

**Sanyo reponse to Photon article here**                          (too old to reply)

**Kirk Herander, VSE**                                              8 years ago

I decided to post the text of Sanyo's letter here as it lists specific
modules and timelines affected.

> March 3, 2011
> Subject: Photon article concerning SANYO solar modules in North America
> We are writing to inform you that PHOTON International Magazine will
> publish an article about SANYO modules in an upcoming issue. The article
> will most likely have some contents regarding an occurrence of short
> circuits caused by insulation degradation in some SANYO solar module
> products in North America.
> Please allow us to provide a brief outline of the situation for your
> reference. After receiving the first complaint about an issue with a
> panel in commercial PV systems from a customer in autumn 2009, SANYO
> conducted a thorough investigation in the United States, where the
> problem was reported. As a result of our investigation, we found a very
> limited number of a similar occurrence (less than 0.01%) in commercial PV
> systems using HIP-xxxBA2, HIP-xxxBA3, and HIP-xxxBA5 HIT solar modules
> which were produced from 2002 to 2008, and sold only in North America.
> It is found that the subject modules experienced insulation degradation
> primarily caused by a combination of module structure, variation in
> production, environment of installation site and wiring requirements and
> guidelines for PV systems in North America.
> SANYO has notified its immediate customers, and together SANYO conducted
> physical site evaluations and inspections. At the same time, SANYO is
> working with distributors to identify any remaining uninspected
> commercial systems and to take proactive measures. One of our measures to
> ensure the safety includes installing a new combiner box (monitoring
> system) which will detect any insulation failure and prevent short
> circuit in the PV system.
> We have not had any reports of similar issues from our customers with
> residential PV systems (systems incorporate a small or single phase
> inverter/inverters that operate with Ground Fault Detector Interrupters
> which threshold value is 1A or less) in North America and there have been
> no reports outside of North America on similar panels found in commercial
> PV or residential PV systems.
> Thank you for your understanding and continued patronage.
> Sincerely,
> Takashi "Charles" Hanasaki
> Division President

My note: No bifacial part numbers are mentioned. Apparently only the older
"lipped" frame style of standard panels is affected.


Kirk Herander
Vermont Solar Engineering
802.863.1202
NABCEP(tm) Certified Solar Installer
NYSERDA-eligible Installer
VT Solar Incentive Program Partner

**Kirk Herander, VSE**                                              8 years ago

I decided to post the text of Sanyo's letter here as it lists specific
modules and timelines affected.

> March 3, 2011
> Subject: Photon article concerning SANYO solar modules in North America
> We are writing to inform you that PHOTON International Magazine will

publish an article about SANYO modules in an upcoming issue. The article
will most likely have some contents regarding an occurrence of short
circuits caused by insulation degradation in some SANYO solar module
products in North America.
Please allow us to provide a brief outline of the situation for your
reference. After receiving the first complaint about an issue with a
panel in commercial PV systems from a customer in autumn 2009, SANYO
conducted a thorough investigation in the United States, where the
problem was reported. As a result of our investigation, we found a very
limited number of a similar occurrence (less than 0.01%) in commercial PV
systems using HIP-xxxBA2, HIP-xxxBA3, and HIP-xxxBA5 HIT solar modules
which were produced from 2002 to 2008, and sold only in North America.
It is found that the subject modules experienced insulation degradation
primarily caused by a combination of module structure, variation in
production, environment of installation site and wiring requirements and
guidelines for PV systems in North America.
SANYO has notified its immediate customers, and together SANYO conducted
physical site evaluations and inspections. At the same time, SANYO is
working with distributors to identify any remaining uninspected
commercial systems and to take proactive measures. One of our measures to
ensure the safety includes installing a new combiner box (monitoring
system) which will detect any insulation failure and prevent short
circuit in the PV system.
We have not had any reports of similar issues from our customers with
residential PV systems (systems incorporate a small or single phase
inverter/inverters that operate with Ground Fault Detector Interrupters
which threshold value is 1A or less) in North America and there have been
no reports outside of North America on similar panels found in commercial
PV or residential PV systems.
Thank you for your understanding and continued patronage.
Sincerely,
Takashi "Charles" Hanasaki
Division President

My note: No bifacial part numbers are mentioned. Apparently only the older
"lipped" frame style of standard panels is affected.

Kirk Herander
Vermont Solar Engineering
802.863.1202
NABCEP(tm) Certified Solar Installer
NYSERDA-eligible Installer
VT Solar Incentive Program Partner

about - legalese

EXHIBIT B

# **Panasonic**

## Report of Analysis of Customer Claim

| RMA No. |
|---|
| 022118 |
| **Date:** |
| April 9, 2018 |

### Description of Complaint

| Complaint Data | | | | |
|---|---|---|---|---|
| Subject | Ground fault | Customer | | Matthew Alestra |
| Complaint Date | 2/21/2018 | Claim Module Returned Date | | N/A |
| Model Name | HIP-200BA3 | Customer Requirement | | N/A |
| Model Number | - | | | |

**Description:** 37 modules are being claimed for suspected ground fault damage. Claim form and photos were submitted, but no electrical testing was performed. 1 module (64BA01546) has significant backsheet bubbling and calcification. The rest of the modules have minor linear delamination.

### Conclusion/Cause

Partial-Warranty case.
These modules' product warranty (2 years) has expired. However, the Power Output warrany (20 years) is available. Because we only have photos of these modules, we cannot place judgement based on the electrical performance of the modules. Instead, we will only base our judgement off the photos which were submitted by the contractor.
One module (64BA01546) has signs of potential ground fault, and will be replaced under manufacturer's responsibility. The rest of the modules only show signs of minor linear delamination and minor dents/deformations of the back sheet, which are known to not be a sign of any degradation of performance.

| Panasonic's responsibility? | ☑ YES | ☐ NO | ☐ Other |
|---|---|---|---|

| Delivery Information | N/A |
|---|---|
| Stock Information | N/A |
| Current Production Information | N/A |

| Prepared by: Trevor Tufts | Checked by: *N. Tachie* | Approved by: *T. Fujimoto* |
|---|---|---|
| Date: 04/09/18 | Date: *04 / 12 / 2018* | Date: *04 / 13 / 2018* |

### Control and Approval of the Action Performed

| Further Action Necessary? | YES | New Corrective and Preventive Action | |
|---|---|---|---|
| | NO | | |
| Date | | Signature of Quality Manager | |

QF-298  Rev.0

# Panasonic

## Report of Analysis of Customer Claim

| RMA No. |
| --- |
| 022118 |
| **Date:** |
| April 9, 2018 |

## Analysis Result:

### 1.) Identification of the module

We confirmed the serial numbers of the modules from the pictures provided by the contractor, that these modules were manufactured by SANYO and sold in USA market (Picture 1). The product warranty (2 years) has expired. The output warranty (20 years) is available.



Picture 1 : Serial number

### 2.) Inspection result of defect module

We checked the claimed modules based on the claim information and the pictures provided by the customer.
We confirmed that the modules have linear delamination (Picture 2), and one module has backsheet bubbling (Picture 3). These modules were claimed because of a ground fault detection at the inverter. This is inferred from the claim form (Picture 4). There are no electrical test results to inspect.



Picture 2: Linear delamination



Picture 3: Back sheet bubbling

> Describe the failure in the module: MODULES ARE DELAMINATING AND CAUSING GROUND FAULTS

Picture 3: Quote from the claim form

### 3) Conclusion

These modules' product warranty (2 years) have expired. However, the Power Output warranty (20 Years) is available. Because we only have photographs of the modules, our judgement is limited. If we had Voc and Isc data for these modules, we might be able to place a more accurate judgement.
The majority of these modules have linear delamination - a simple visual defect not known to be a symptom of any performance degrading defect. One module has signs of current/potential ground fault (Back sheet bubbling, calcification) and will be replaced under the Power Output warranty.
It is entirely possible that there are more modules that are underperforming - but without electrical testing, there is no way for us to know.

EXHIBIT C

# SANYO

**HIT Solar Module Limited Warranty**

Models: HIP-[XXX]A, HIP-[XXX]A1, HIP-[XXX]A2
HIP-[XXX]A3

This warranty applies to HIT solar cell module (hereinafter "Product(s)") and sold by SANYO Energy (U.S.A.) Corporation, (hereinafter "SANYO") and is extended to the original end-user purchaser (hereinafter "Customer").

**Scope of Warranty Coverage:**  There are two warranties provided under this Limited Product Warranty (hereinafter "Product(s)"). Warranty 1 is a Limited Product Warranty and Warranty 2 is a Limited Power Output Warranty. Each warranty has its own specific duration, terms, conditions and remedies as described below.

## 1  Limited Product Warranty    Two-Year Repair or Replacement

During the period of this warranty, SANYO warrants the Product(s) to be free from defects in materials and workmanship under normal application, installation, use and service conditions. If the Product(s) fails to conform to this warranty, SANYO will, at its sole option, either repair or replace the Product(s).

a. The warranty remedy will extend only to claims received before the end of the warranty period.

b. SANYO reserves the right to repair or replace the original Product(s) with new or refurbished Product(s). Each user option will be implemented at SANYO's sole discretion.

c. This warranty shall extend for a period ending twenty-four (24) months from date of purchase by the Customer. This repair or replacement remedy shall be the sole and exclusive remedy provided under this warranty, and will not be extended nor will a new warranty period begin upon repair or replacement of defective Product(s).

## 2  Limited Power Output Warranty – Limited Remedy

The following conditions apply to this Limited Product Warranty.

a. During the first ten (10) years from date of Product(s) purchase by the Customer, SANYO warrants the power output degradation will not fall under 90% of the Designated Minimum Power ("Pmin") output shown below on Table 1 from date of Product(s) purchase by the Customer. Upon receipt of a warranty claim, SANYO or its designated representative shall conduct measurements to determine the actual power output of the Product(s).

b. During the period from the eleventh (11) year to the twenty-fifth (25) year from date of Product(s) purchase, SANYO warrants the power output degradation will not fall under 80% of the Designated Minimum Power ("Pmin") output shown below on Table 1 from date of Product(s) purchase by the Customer.

If such power loss is the result of a product defect as determined by SANYO in its sole and absolute discretion, SANYO will supplement the output deficiency using one of the following remedies:

a. Upon receipt of a warranty claim, SANYO will provide additional new or refurbished Product(s) to restore the deficient output; or

b. SANYO may repair or replace the Product(s) with new or refurbished Product(s); or

c. SANYO may refund the Customer the original Product(s) purchase price less depreciation. The refund will be pro-rated by the number of years and/or months from the date of purchase by the Customer

When one of the power output supplemental remedies is employed the following conditions will apply:

a. The warranty remedy will extend only to claims received before the end of the warranty period.

b. The purchase date of original Product(s) shall determine the start of the warranty period in the event SANYO repairs, replaces, or adds more Product(s).

| Period | Remarks |
|---|---|
| At the Time of Purchase | Minimum Power (Pmin) = 90% of the nominal Maximum output power stated in specification. |
| 1-10 years | 90% of the minimum power at the time of purchase |
| 10-25 years | 80% of the minimum power at time of purchase |

Note:  Minimum power is measured at an optimum voltage under standard conditions of 1000 w/m² at a cell temperature of 25°C

## 3  Limited Warranty Exclusions

This Limited Warranty described above in sections 1 and 2 excludes any of the following conditions:

a. Improper usage, installation, wiring, handling, removal or maintenance, and abuse (neglect) or accident.

b. Product(s) sold, used or installed outside the geographic territory of North America (defined as the United States and Mexico).

c. Use, replacement with, or installation of non-genuine parts.

d. Loss or misuse and maintenance instructions.

e. Alteration or improper application.

f. Damage from fire, flood, earthquake, installation or employee repair by anyone other than SANYO authorized agent/technicians.

g. Improper storage, packaging or transportation.

h. Damage from external stress, such as falling rocks or other debris.

i. Damage from environmental pollution such as soot, air damage or acid rain.

j. Damage from defects in systems/related parts and components or non-compatibility of Product(s) with system and related components.

k. Damage from extreme natural conditions (earthquake, typhoon, tornado, volcanic activity, flooding, tsunami, lightning, heavy snow, etc.) and fire.

l. Exposure to power surges, power failures or other unforeseen circumstances that are beyond SANYO's control.

m. Damage from normal wear, or other man-made disasters.

n. Scratches, dents, marks or other cosmetic damage that do not affect output.

o. Damage due to sound, vibration, rust, scratching, or discoloration that are the result of exterior weather conditions during the useful life of the Product(s).

p. Installed or used without evidence of purchase or no proof of delivery and sufficient product registration data.

q. Altered removed, or illegible Product(s) serial number(s).

## 4  Limitation of Warranty.  THE EXPRESS WARRANTIES SET FORTH HEREIN SHALL CONSTITUTE THE ONLY WARRANTIES APPLICABLE TO THE PRODUCT(S).  SANYO HEREBY EXPRESSLY DISCLAIMS ANY AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED INCLUDING WITHOUT LIMITATION THE WARRANTIES OF MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE, USE, OR APPLICATION, AND ALL OTHER OBLIGATIONS ON SANYO'S PART UNLESS SUCH OTHER WARRANTIES, OBLIGATIONS OR LIABILITIES ARE EXPRESSLY AGREED TO IN WRITING BY SANYO.

## 5  Obtaining Warranty Service Performance.  Customers who believe they have a justified claim covered by this Limited Warranty must immediately notify an authorized SANYO representative or contact SANYO directly by writing to:

SANYO Energy (USA) Corporation
HIT Solar Products Warranty Claim
2055 Sanyo Avenue
San Diego, CA  92154

Customers may also contact SANYO via its website under Industrial Solar products at www.sanyo.com/solar. Claims must accompany evidence of the product purchase date by the Customer.  Note that the return of any Product(s) will not be accepted by SANYO unless accompanied by a valid return material authorization and prior written authorization issued by SANYO.

## 6  Severability.  If a part, provision or clause of this Limited Warranty, or its application to any person or circumstance, is held invalid, void or unenforceable, such adjudication shall not affect the rest of this Limited Warranty and all other parts, provisions, clauses or applications of this Limited Warranty shall be treated as severable.

## 7  Disputes.  The Customer may bring no action, regardless of form, arising out of or in any way connected with this Limited Warranty, more than one (1) year after the cause of action has occurred.  THIS LIMITED WARRANTY GIVES THE CUSTOMER SPECIFIC LEGAL RIGHTS, CUSTOMERS MAY ALSO HAVE OTHER RIGHTS THAT VARY FROM STATE TO STATE.

## 8  Replacement.  Product(s) that is replaced by SANYO shall become the property of SANYO.  SANYO reserves the right, at its sole option, to deliver another type of new or refurbished Product(s) that may differ in size, color, shape, model number, and/or power level.

## 9  Force Majeure.  SANYO shall not be held responsible or liable to the Customer or any third-party arising out of any non-performance or delay in performance of any terms and conditions of sale, including this Limited Warranty due to acts of God, war, riots, strikes, unavailability of suitable and sufficient labor, material, die, or capacity or technical or yield failures and any unforeseen event beyond its control, including, without limitation, any technological or physical event or conditions which is not reasonably known or understood at the time of the sale of the Product(s) or the claim.

d. Supplemental remedies may not be combined.  (Any remedy, repair, option, repair/replacement of Products(s) or prorated refund, will be employed, at SANYO's sole option.)  Product(s) removal, transportation, reinstallation, and related fees are excluded from this Limited Power Output Warranty.

THE ABOVE LIMITATIONS OR EXCLUSIONS MAY NOT APPLY IN SOME STATES THAT DO NOT ALLOW LIMITATIONS OR IMPLIED WARRANTIES OR THE EXCLUSION OF DAMAGES.

THE ABOVE LIMITATIONS OR EXCLUSIONS MAY NOT APPLY IN SOME STATES THAT DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, OR THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATIONS OR EXCLUSIONS MAY NOT APPLY.

SANYO SHALL NOT BE RESPONSIBLE OR LIABLE IN ANY WAY FOR DAMAGE OR INJURY TO PERSONS OR PROPERTY OR FOR OTHER LOSS OR INJURY RESULTING FROM ANY CAUSE WHATSOEVER ARISING OUT OF OR RELATED TO THE PRODUCT(S), INCLUDING, WITHOUT LIMITATION, ANY DEFECTS IN THE PRODUCT(S), OR FROM USE OR INSTALLATION.  IN NO EVENT SHALL SANYO BE LIABLE FOR INCIDENTAL, CONSEQUENTIAL OR SPECIAL DAMAGES, LOSS OF USE, LOSS OF PROFITS, LOSS OF PRODUCTION, OR LOSS OF REVENUES FOR ANY REASON WHATSOEVER.  SANYO'S TOTAL LIABILITY, IF ANY, IN DAMAGES OR OTHERWISE, SHALL NOT EXCEED THE INVOICE VALUE PAID BY THE CUSTOMER FOR THE PRODUCT OR SERVICE FURNISHED, WHICH IS THE SUBJECT OF A CLAIM OR DISPUTE.

Rev. 01Jan05

.

EXHIBIT D

On Fri, Apr 13, 2018, 6:42 PM Tufts, Trevor <Trevor.Tufts@us.panasonic.com> wrote:

Paul,

Though we are at a disagreement, I want to thank you for your patience and understanding.

If I may expand on your analogy (Though, please forgive me if it isn't 100% accurate – I know next to nothing about vehicles), I believe it would be more accurate to say that while the paint on these Mercedes is definitely falling off, the warranty only covers the horsepower of the engine. So when we got approval to replace one Mercedes it wasn't based on the paint, but rather the dent on the hood where it seems a piston had blown.

We are obligated to provide one module at this time. Perhaps a solution to this problem could be that we send you the replacement, then while your team is out replacing the module you take the opportunity to conduct amperage readings on any amount of modules you wish. Please understand that the warranty is per-module, so we will only be able to provide replacements for those we have data for. That also means we will need to know what measurement belongs to which serial number, so if we do this then please be sure to tie the measurements to the serial numbers. Once the data is submitted I will get a second report ASAP.

I would like to know what you think.

Sincerely,

**Trevor Tufts**

PVCS Support Coordinator

**Panasonic Eco Solutions Solar New York (PESSNY)**

Tel: (503) 871-3697

8755 SW Citizens Dr, Wilsonville, OR 97070

trevor.tufts@us.panasonic.com

Privacy and Confidentiality Notice ******THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED, AND THE READER IS INSTRUCTED TO DELETE THIS MESSAGE AND SO ADVISE THE SENDER****

**From:** Paul Coughlin [mailto:paul@poweroverhaul.com]
**Sent:** Friday, April 13, 2018 3:01 PM
**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>
**Cc:** Matthew Alestra <matt@poweroverhaul.com>; Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>; Megan Coughlin <megan@poweroverhaul.com>
**Subject:** Re: ZICCARELLO Sanyo Module warranty claim

Trevor,

I'm only suggesting that this situation is analogous to a Mercedes driving down the road with all the paint peeling off.  Doesn't look good and there is a high probability (based on my experience) these panels will eventually fail.  Again, from my experience in the industry with other similar situations, a premium product should be handled with premium service and it's of my opinion that's not the case here.  But, I appreciate your perspective.

Paul Coughlin

Executive VP-Business Development

Power Overhaul – *"Residential Solar Service Experts"*
O: (855)YES-OVER ext 703

C: 914-393-1746

Paul@PowerOverhaul.com

www.poweroverhaul.com

@SolarTuneUps

Like us on Facebook

Follow us on Twitter

*Los Angeles, CA & Southampton, NJ*

On Fri, Apr 13, 2018 at 5:48 PM, Tufts, Trevor <Trevor.Tufts@us.panasonic.com> wrote:

Paul,

The warranty for these modules is not void. If we receive more data to base our judgement off of, we would be happy to prepare another report that includes that data.

Sincerely,

**Trevor Tufts**

PVCS Support Coordinator

**Panasonic Eco Solutions Solar New York (PESSNY)**

Tel: (503) 871-3697

8755 SW Citizens Dr, Wilsonville, OR 97070

trevor.tufts@us.panasonic.com

**Privacy and Confidentiality** Notice *******THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED, AND THE READER IS INSTRUCTED TO DELETE THIS MESSAGE AND SO ADVISE THE SENDER*****

**From:** Paul Coughlin [mailto:paul@poweroverhaul.com]
**Sent:** Friday, April 13, 2018 2:33 PM
**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>
**Cc:** Matthew Alestra <matt@poweroverhaul.com>; Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>; Megan Coughlin <megan@poweroverhaul.com>
**Subject:** Re: ZICCARELLO Sanyo Module warranty claim

Trevor,

11

I must say that I'm very disappointed at Panasonic Solar's decision to overlook the fact that these modules are defective and doomed for failure.  Having been in the solar industry for over 22 years, I've never seen catastrophic material degradation being handled like this.  I've had many customers, distributors, etc pay a premium for Sanyo product as it was perceived to be a premium product with premium service.  I most certainly don't believe that to be the truth today.  No way.  I'm disappointed at the way that this is being handled and I'll be sure NOT to recommend your product in the foreseeable future.

I can only hope that you will eventually recognize that this is being handled improperly and will eventually get rectified.  I'm embarrassed to to go back to the folks that paid 10's of thousands of dollars only to be treated like this.

Paul Coughlin

Executive VP-Business Development

Power Overhaul – *"Residential Solar Service Experts"*
O: (855)YES-OVER ext 703

C: 914-393-1746

Paul@PowerOverhaul.com

www.poweroverhaul.com

@SolarTuneUps

Like us on Facebook

Follow us on Twitter

*Los Angeles, CA & Southampton, NJ*

On Fri, Apr 13, 2018 at 5:21 PM, Tufts, Trevor <Trevor.Tufts@us.panasonic.com> wrote:

  Matthew,

Please see the attached Report of Analysis for your warranty claim.

Based on the claim form you submitted, we looked for signs of ground fault defects in the data you submitted. Since we only have photographs of the modules with no electrical data our judgement is limited. Looking through the photos, we found only one module (64BA01546) with signs of ground fault. We would like to send a replacement module to replace that one module. The replacement model will be VBHB190AA06, which is an inch taller (Thicker) with a silver frame, but it has exact length and width dimensions.

If you send me a shipping address, I can start working on getting that replacement sent over.

Thank you,

**Trevor Tufts**

PVCS Support Coordinator

## Panasonic Eco Solutions Solar New York (PESSNY)

Tel: (503) 871-3697

8755 SW Citizens Dr, Wilsonville, OR 97070

trevor.tufts@us.panasonic.com

**Privacy and Confidentiality** Notice *******THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED, AND THE READER IS INSTRUCTED TO DELETE THIS MESSAGE AND SO ADVISE THE SENDER****

**From:** Matthew Alestra [mailto:matt@poweroverhaul.com]
**Sent:** Thursday, April 05, 2018 1:33 PM

**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>
**Cc:** Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>; Paul Coughlin <paul@poweroverhaul.com>; Megan Coughlin <megan@poweroverhaul.com>
**Subject:** Re: ZICCARELLO Sanyo Module warranty claim

Any word?

Matthew Alestra
President
Power Overhaul
Solar Service Experts

Servicing NJ, PA, NY, MD, and DE

On Tue, Mar 20, 2018, 8:33 AM Matthew Alestra <matt@poweroverhaul.com> wrote:

Trevor,

The remaining serial numbers are:

64BA01551

64BA01738

See attached photos.

Sincerely,

Matthew Alestra

President
Power Overhaul
"Solar Service Experts"
(855)937-6837 x701

On Mon, Mar 19, 2018 at 11:35 AM, Tufts, Trevor <Trevor.Tufts@us.panasonic.com> wrote:

Matthew,

If that is the case, then I will just prepare what I have now for review.

Before that, were you able to find photos of those two missing modules?

Sincerely,

**Trevor Tufts**

PVCS Support Coordinator

## Panasonic Eco Solutions Solar New York (PESSNY)

Tel: (503) 871-3697

8755 SW Citizens Dr, Wilsonville, OR 97070

trevor.tufts@us.panasonic.com

**Privacy and Confidentiality** Notice *******THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED, AND THE READER IS INSTRUCTED TO DELETE THIS MESSAGE AND SO ADVISE THE SENDER****

**From:** Matthew Alestra [mailto:matt@poweroverhaul.com]
**Sent:** Monday, March 19, 2018 6:39 AM
**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>
**Cc:** Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>; Paul Coughlin <paul@poweroverhaul.com>; Megan Coughlin <megan@poweroverhaul.com>

**Subject:** Re: ZICCARELLO Sanyo Module warranty claim

Trevor,

We spent 16 hours onsite gathering the (6) photos of each module that Panasonic requires for warranty claims.

Considering we don't get compensated for submitting these warranty claims, we did not spend any more time onsite gathering electrical data.

We can definitely go back and get it, if Panasonic would be willing to cover our costs.

The homeowner bought a product that has a 20 year warranty, and they are failing. The backsheets are falling off and the modules are delaminating.

I cannot imagine that it is electrically safe to leave these modules on the roof.

The homeowner is not happy, which is our main concern.

Matthew Alestra

President
Power Overhaul
"Solar Service Experts"
(855)937-6837 x701

On Fri, Mar 16, 2018 at 5:41 PM, Tufts, Trevor <Trevor.Tufts@us.panasonic.com> wrote:

Matthew,

I apologize for the delay, I just now found the time to go through the photos you submitted.

Looking at the claim form, I see these modules are being claimed after the modules were, "causing ground faults." I assume this means the inverter was detecting ground faults. I still need to go through the photos one module after the other, but I thought I'd ask now if you took any measurements of these modules, particularly measurements of their amperage.

Looking at the photos of the array I don't see any visual defects that would suggest ground fault in these modules – which is not to say that I don't think they are ground faulting (I don't know yet), rather that I would very much suggest submitting electrical data for these

16

modules before I submit this claim for review. I know for a fact that if I submit this claim now, with what you've submitted so far, the QA team will ask for the electrical data.

Thank you very much for your patience with this warranty claim, and let me know what you think.

**Trevor Tufts**

PVCS Support Coordinator

## Panasonic Eco Solutions Solar New York (PESSNY)

Tel: (503) 871-3697

8755 SW Citizens Dr, Wilsonville, OR 97070

trevor.tufts@us.panasonic.com

**Privacy and Confidentiality** Notice *\*\*\*\*\*THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED, AND THE READER IS INSTRUCTED TO DELETE THIS MESSAGE AND SO ADVISE THE SENDER\*\*\*\**

**From:** Matthew Alestra [mailto:matt@poweroverhaul.com]
**Sent:** Wednesday, February 21, 2018 10:10 AM
**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>
**Cc:** Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>; Paul Coughlin <paul@poweroverhaul.com>; Megan Coughlin <megan@poweroverhaul.com>
**Subject:** RE: ZICCARELLO Sanyo Module warranty claim

Ok, thanks. Let me know if you need anything else as you review.

Matthew Alestra
President
Power Overhaul
Solar Service Experts

Servicing NJ, PA, NY, MD, and DE

On Feb 21, 2018 1:06 PM, "Tufts, Trevor" <Trevor.Tufts@us.panasonic.com> wrote:

Matthew,

I received all the info – though I will need to access the google drive folder from home. I'll forward this email to my personal address and request access from there.

Sean unfortunately is no longer working with us, so I will be your main contact for older model warranties from here on.

Thank you,


Trevor Tufts トレヴァー・タフス

PVCS Support Coordinator

Tel: (503) 365-1086

Cel: (503) 871-3697


Panasonic Eco Solutions Solar New York (PESSNY)


**From:** Matthew Alestra [mailto:matt@poweroverhaul.com]
**Sent:** Wednesday, February 21, 2018 10:00 AM
**To:** Tufts, Trevor <Trevor.Tufts@us.panasonic.com>; Oishi, Hidenori <Hidenori.Oishi@us.panasonic.com>
**Cc:** Paul Coughlin <paul@poweroverhaul.com>; Megan Coughlin <megan@poweroverhaul.com>
**Subject:** Re: ZICCARELLO Sanyo Module warranty claim


I received an undeliverable message for Sean's email.

Trevor or Hidenori, can you please confirm receipt of this warranty claim?

18

Matthew Alestra

President
Power Overhaul
"Solar Service Experts"
(855)937-6837 x701

On Wed, Feb 21, 2018 at 12:58 PM, Matthew Alestra <matt@poweroverhaul.com> wrote:

Sean,

I have attached a warranty claim form for homeowner Zicarello. There are 37 modules on the roof, all showing signs of delamination. Several units are causing ground faults.

Here is link to all of the photos. We took at least (4) photos of each module. If you list them alphabetically, it goes label first and then the photos of the module.

https://drive.google.com/drive/folders/1OmD0zPRIf0hJZmk432ngZHXha61Vf6_Q?usp=sharing

Let me know what else you need. Homeowner is asking for a replacement of all 37 modules.

Sincerely,

Matthew Alestra

President
Power Overhaul
"Solar Service Experts"
(855)937-6837 x701

EXHIBIT E

Rick Ziccarello
7 Reynolds Avenue
Whippany, New Jersey
07981

March 5, 2019

To:

SANYO Energy (USA) Corp.
Attn: Solar Products Warranty Claim
2055 SANYO Avenue
San Diego, CA  92154

PANASONIC ECO SOLUTIONS NORTH AMERICA
Division of Panasonic Corporation of North America
Two Riverfront Plaza, 5th Floor
Newark, New Jersey 07102
Attn: Product Warranties

RE:     **Warranty Claim of Rick Ziccarello**

To Whom It May Concern:

The solar system purchased and installed at my home in 2006 consists of 37 SANYO solar panels, model HIP-200BA3.  The solar panels are defective.  They have discoloration manifested by white spots in the circuitry.  Please consider this a performance warranty claim. Please have somebody contact me as we have concerns about the safety of these panels.  We would like to have somebody from Sanyo inspect our property as soon as possible.

Sincerely,

Rick Ziccarello

USPS delivery confirmation return receipt requested

EXHIBIT F

R. ZICCARELLO
7 REYNOLDS AVENUE
WHIPPANY, NJ 07981

**CERTIFIED MAIL®**

7018 1830 0001 9477 6697

U.S. POSTAGE PAID
FCM LETTER
LAKE HIAWATHA, NJ
07034
MAR 11, 19
AMOUNT
$6.85
R2304E105682-07

SANYO ENERGY (USA) CORP.
ATTN: SOLAR PRODUCTS WARRANTY CLAIM
2055 SANYO AVENUE
SAN DIEGO, CA 92154

07981>1254
92154-6204993

LA

5C:   07981125407   *1809-05539-11-45

NIXIE   941   CE   1       0001  43  18

RETURN  TO  SENDER
INSUFFICIENT  ADDRESS
UNABLE  TO  FORWARD

EXHIBIT G

**From:** R Ziccarello <ziccarellors4@earthlink.net>
**Sent:** Friday, March 8, 2019 7:09 PM
**To:** Panasonic HIT <PanasonicHIT@us.panasonic.com>
**Subject:** Solar panel warranty HIP-200BA3

To whom this may concern;


I have been informed by my solar contractor that my panels have delaminated.  I am concerned about the safety and power output of these panels.  They are not functioning properly.  Please consider this a notice of a warranty claim and a request that you come to my home to inspect the panels.


Richard Ziccarello
7 Reynolds Avenue
Whippany, New Jersey 07981
862.221.8455

EXHIBIT H

**From:** "Anderson, Erik" <Erik.Anderson@us.panasonic.com>
**Subject: RE: Solar panel warranty HIP-200BA3**
**Date:** March 9, 2019 at 9:54:02 AM EST
**To:** "ziccarellors4@earthlink.net" <ziccarellors4@earthlink.net>
**Cc:** "Castillo, Yessica" <yessica.castillo@us.panasonic.com>, "Glaser, Daniel"
<Dan.Glaser@us.panasonic.com>

Richard, I'm sorry to hear about this.
Unfortunately, Panasonic does not perform any field work.  In a similar way that our TVs or heat pumps
are sold through wholesale outlets, as a manufacturer of solar modules we sell our products through
partners who then perform the work to install & service them when needed.
Your solar contractor should have provided you with an install warranty on your system, but in addition
we have warranties on our products.
All of that documentation can be found here including the claim form and description of how to put in a
warranty claim:
https://na.panasonic.com/us/support/solar-warranty

For our records, could you please give us the name of your solar contractor, date of install & solar
module part number?

Thank you-

_____
**Erik Anderson**
East Coast Solar+Storage

**p** 475.201.5156
Erik.Anderson@us.panasonic.com
Panasonic Eco Solutions (PESNA)
Two Riverfront Plaza, 9th Floor | Newark, NJ 07102



1